### 16125. NORMAN *et al. v.* RAY *et al.*

1. A contract for the sale of timber, which provides for the sale of "all the timber" upon certain described land for "the sum of $2500," but which contains no warranty as to the amount of timber upon the land, and which further provides that, after the payment of $500 of this sum as a cash payment, the purchaser is to pay "the sum of $2.50 per thousand until the balance of $2000 is paid, to be paid as the lumber is stacked and checked," unconditionally obligates the purchaser to pay the sum of $2500 for the timber, irrespective of the amount of timber upon the land. This is true notwithstanding a provision in the contract to the effect that if the purchaser should cut more than 900,000 feet of timber from the land, the excess should be paid for "at the rate of $2.50 per thousand as the lumber is stacked and checked." The provision for the payment of the balance of $2000 as the lumber is stacked and checked merely fixes a convenient method for the payment of money which is otherwise due, and does not limit the purchaser's obligation to pay for only so much of the lumber as is upon the land or as is stacked and checked.

Decided September 14, 1925.

Attachment; from Wilkes superior court—Judge Shurley. December 1, 1924.

R. C. Norman and J. W. Butler sued J. S. Ray and H. J. Cofer for $1250, alleged to be the balance due to the plaintiffs by the defendants under a contract for the sale of timber. The material provisions of the contract sued upon are as follows: "The said parties of the first part [the plaintiffs] have this day sold and conveyed unto said second parties [the defendants] or their assigns all the timber on that tract of land [describing it]. It is agreed that said second parties are to pay said first parties the sum of $2500.00 for said timber, to be paid $500.00 cash this day, the receipt of which is hereby acknowledged, and the sum of $2.50 per thousand until the balance of $2000.00 is paid, to be paid as the lumber is stacked and checked. It is further agreed that if there is cut by said second parties more than 900,000 feet of the timber, they are to pay for the excess at the rate of $2.50 per thousand as the lumber is stacked and checked. Said second parties agree to begin sawing lumber at once and to complete the sawing of the same as soon as possible, but to have two years from this date in which to complete the sawing of the timber." The plaintiffs alleged that the defendants, after having cut part of the timber and before the expiration of the two-year period allotted the defendants for performance of the contract, ceased to cut the timber, and thereby abandoned the contract, and that for this reason the entire purchase-money had become due. The defendants admitted the execution of the contract, but contended that, under the terms of the contract properly construed, there was a partial failure of consideration, in that the timber upon the tract of land was sold to them as containing 900,000 feet, when in fact it was much less, to wit, about 400,000 feet; that the defendants, for this reason, were indebted to the plaintiffs only for the timber actually cut, at the rate of $2.50 per thousand feet, and that the timber actually cut from the land by the defendants amounted only to 361,313 feet. The defendants denied that they had violated the contract, because the two-year period for its performance had not expired. The plaintiffs, after giving credit for certain payments, the amounts of which are undisputed, claimed a balance of $1250 due under the contract, while the defendants admitted a balance due of only $377.31 for the purchase of 361,313 feet actually cut. The case was submitted

to the jury under an instruction from the court that the defendants were liable to the plaintiffs only for the amount of timber actually upon the land, at the rate of $2.50 per thousand. The jury found a verdict for the plaintiffs in the sum of $377.31 and interest, representing the value of the timber actually cut. The plaintiffs moved for a new trial, the motion was overruled, and the plaintiffs except.

*F. W. Gilbert, W. A. Slaton,* for plaintiffs.
*Clement E. Sutton,* for defendants.

STEPHENS, J. (After stating the foregoing facts.) The sole question for determination, as presented by the briefs of counsel, is the proper construction of the contract. The contract having provided for the sale of "all the timber" upon the land for "the sum of $2500.00 for said timber," it would seem that unless there are other provisions in the contract to the contrary and demanding a different construction, the defendants are liable for the entire purchase price of $2500 irrespective of the amount of timber upon the land. The provision in the contract, that "the sum of $2.50 per thousand" is to be paid "until the balance of $2000.00 is paid, to be paid as the lumber is stacked and checked," can not be construed as modifying the unequivocal provision above referred to which provides for the sale of "all the timber" for "the sum of $2500.00 for said timber," and as therefore limiting the defendants' liability to pay for only the timber actually upon the land. The provision as to payments at the rate of $2.50 per thousand "as the lumber is stacked and checked" is not only not in conflict with the provision as to the sale of "all the timber" for "the sum of $2500.00 for said timber," but expressly recognizes and reaffirms the defendants' obligation to pay the entire stipulated purchase price of $2500, less the cash payment of $500.

Since the contract expressly provides for payment by the defendants for all timber which they may cut from the land in excess of 900,000 feet, it is clear that, although the contract contains no warranty as to the amount of timber on the land, it was, at the time of its execution, contemplated by the parties that the land contained at least 900,000 feet of timber, and that at least that amount of timber would be cut from the land and stacked and checked. The provision as to payment at the rate of $2.50 per thousand "until the balance of $2000.00 is paid, to be paid as the lumber is stacked

and checked," must, therefore, be construed with reference to the fact that the parties contemplated that 900,000 feet of timber would be cut from the land and stacked and checked. So construing this provision, it follows that the provision as to the payment of $2000 to be made at the rate of $2.50 per thousand as the lumber is stacked and checked, is to be construed as directory only and as a convenient method for the payment of the $2000, and not as a provision obligating the defendants to pay at the rate of $2.50 per thousand for only such lumber as is stacked and checked.

The contract, properly construed, unconditionally obligates the defendants to pay to the plaintiffs the sum of $2500 irrespective of the amount of timber upon the land, provided, however, that should the defendants cut from the land timber in excess of 900,000 feet, an additional sum shall be paid by them for such excess at the rate of $2.50 per thousand.

The trial court having instructed the jury that the defendants were liable to the plaintiffs only for the amount of timber actually upon the land, and it appearing that the actual amount of timber upon the land was considerably less than 900,000 feet, viz., about 400,000 feet, such instruction was error harmful to the plaintiffs, and necessarily affected the verdict rendered for the plaintiffs, which was only for the amount admitted by the defendants to be due for the timber actually cut from the land. It was, therefore, error to overrule the plaintiffs' motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*