### 64224. WITT v. ROBBINS.

DEEN, Presiding Judge.

The plaintiff appellant and defendant Robbins suffered an intersection collision from which this damage suit arises. The jury found for Robbins on Witt's complaint and for Witt on Robbins' cross bill.

1. The court gave a correct and proper instruction on comparative negligence, should the jury find that negligence on the part of both parties concurred in causing the damage. It is attacked on the basis that since the injury to the plaintiff resulted at an intersection collision controlled by traffic lights the negligence had to be all on one side or the other and there was no evidence to compare

for the purpose of reducing the plaintiff's verdict. According to the testimony it is uncontroverted that either the plaintiff or the defendant had the red light against him at the time they collided within the intersection. This was the primary question of fact for the jury to decide under the evidence; having done so, however, they were faced with testimony showing that each was within view of the other and raising a question of whether the negligence of the other could have been avoided. Additionally, the defendant pleaded that if he were guilty of any negligence (which he denied) the plaintiff in the exercise of ordinary care could have avoided it. "Where distinct issues are presented in pleadings, it is not error for the trial judge to give in charge to the jury the law relating thereto, provided the same is supported by some evidence, even though very slight and consisting of inferences drawn from sworn testimony." *Harper v. Hall,* 76 Ga. App. 441 (2) (46 SE2d 201) (1948). The degree as well as the factum of negligence is generally for the jury. *Holland v. Watson,* 118 Ga. App. 468, 472 (164 SE2d 343) (1968). Instructions on comparative negligence were proper.

2. The question of when traffic control lights changed color was central to this case. The defendant was traveling south on Victory Drive, a wide thoroughfare with central dividers and three lanes on each side. The plaintiff was traveling east on Leslie Drive, a smaller paved street, entered the intersection and was hit on the left side by the defendant. A witness, Porch, was traveling west on North Lumpkin, a street facing Leslie Drive across the intersection, and testified that at the time he heard the crash he was the second car in line on North Lumpkin and facing a red light. He offered to testify to the sequence of lights, which included the fact that North Lumpkin had a delayed light so that westbound traffic on Lumpkin would enter the intersection only after eastbound traffic had entered from Leslie Drive on green, with the lights on Victory still holding red until after the phase when North Lumpkin turned green, and until it and the light on Leslie Drive turned red again. Porch, who was the first witness for the plaintiff, was a relay driver for a commercial establishment. He lived seven or eight blocks from the intersection, went through it every day coming and going, and had been doing so for eight years. He based his conclusion that the plaintiff had the right of way on the light cycle, on the fact that he saw her enter, saw the defendant then approach and enter on Victory, hitting her car in the side, that he heard the crash and that immediately after that the car ahead of him entered the intersection going west on its light which had changed to green. This fitted accurately both with his observations and with his knowledge of the delayed traffic signal on North Lumpkin as compared with Leslie Drive across the

intersection. Nevertheless, the trial court excluded the testimony on the ground that a proper foundation had not been laid, and on the objection that the testimony was hearsay because the witness, traveling west, could not actually see the eastbound and southbound traffic signals from his position. His knowledge and experience of driving and of the traffic pattern of this intersection removed the testimony from the merely conclusory speculative or hearsay field. It was error to exclude it. A witness in a position to know from his own experience what occurs in the ordinary course of affairs in a given situation should be allowed to testify, the credit to be given it being left to the jury. See *Canal Ins. Co. v. Winge Bros., Inc.,* 97 Ga. App. 782, 783 (104 SE2d 525) (1958); *Morgan v. State,* 135 Ga. App. 139, 141 (217 SE2d 175) (1975); *Ball v. Mabry,* 91 Ga. 781, 782 (18 SE 64) (1893). Witnesses are not required to give their testimony with absolute positiveness. *Carter v. Ray,* 70 Ga. App. 419 (5) (28 SE2d 361) (1943). Nor can we say the exclusion of the testimony was harmless error simply because there was later technical testimony about the traffic light sequences. Porch was an eyewitness, an experienced driver, with complete knowledge of the intersection, and he was the first witness called by the plaintiff. The exclusion of his testimony might well have a chilling effect on the subsequent conduct of the case.

3. Prior inconsistent statements are admissible and may be considered by the jury for purposes of impeachment. Although of little consequence, the fact that the plaintiff had made contradictory statements regarding her address and a previous accident was admissible insofar as it might affect her general credibility under Code § 38-1803. It is therefore admissible if and to the extent that it complies with the business records statute, Code § 38-711. That will be a matter for the court to decide if and when it is offered on another trial of this case.

4. Enumerations 4 and 5 go to (a) admitting testimony on cross examination that the plaintiff had been in a prior automobile accident and suffered a broken collar bone, and (b) excluding a hospital record as hearsay and as offered without proper foundation. As to cross examination of the plaintiff regarding a prior accident, it was admissible both as a partial contradictory statement and for whatever light it shed on the plaintiff's present injury. On these collateral issues much latitude is vested in the trial court. *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485) (1949). The excluded document is not a part of the record on appeal and we are therefore not in position to pass upon the question of the trial court's exclusion of it. If, however, it was in fact used as the basis of cross examination of the plaintiff, as appears from some of the testimony,

it might well have been admissible if offered in rebuttal.

5. The evidence does not demand a verdict for either side.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 20, 1982.

*L. B. Kent,* for appellant.
*Allen C. Levi, John W. Denney, Miller P. Robinson,* for appellee.