68502, 68538. PIPPIN v. BURNUM; and vice versa.
(323 SE2d 857)

McMURRAY, Chief Judge.

This is an action on an oral contract to combine (harvest) wheat. At trial plaintiff testified that after negotiations with defendant they agreed that plaintiff (at that time in the business of custom combining and custom harvesting) was to harvest defendant's wheat crop for $23 per acre (defendant to be responsible for transporting the harvested grain from defendant's fields). Plaintiff testified that pursuant to this agreement he transported his equipment to and combined the

wheat upon fields designated by defendant's foreman.

Plaintiff testified that he determined the number of acres of wheat harvested through the use of an "acre estimator," an instrument mounted on his combine "similar to a speedometer or odometer of a car. The cutter bar width is put into the instrument on the machine, on the control panel, and it calculates the amount of tire rolls by the width of the cutter bar. If the tire rolls so many feet, it's multiplied by the twenty-foot cutter bar on the combine and it calculates the acres in an estimated sense." According to plaintiff, past experience had shown that it was necessary to reduce the reading from the "acre estimator" instrument by ten percent in order to adjust for turn rows and other times the combine was running but not actually harvesting grain. The trial court overruled defendant's objection to plaintiff's testimony regarding the "acre estimator." Defendant's objection was based on the grounds of the "inexactness" of the device and as to any estimate by plaintiff regarding the number of acres harvested, absent plaintiff's qualifications as a land surveyor. Plaintiff testified that the "acre estimator" estimated that he had harvested 280 acres which he reduced by 10 percent to determine the actual number of acres he had harvested.

The jury returned a verdict in favor of plaintiff for $5,566, plus interest and costs. The judgment followed the verdict and following the denial of his motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial, defendant appeals in Case No. 68502. Plaintiff appeals in Case No. 68538 from the trial court's order granting defendant's motion to open default. *Held*:

1. Defendant contends that it was error for the trial court to admit testimony regarding the reading from the "acre estimator" instrument over defendant's objection as to the unproven accuracy of the device. Defendant argues there was no evidence before the trial court as to whether the "acre estimator" had reached a scientific stage of verifiable certainty or whether it rested upon the laws of nature. See in this regard *Harper v. State*, 249 Ga. 519, 524 (292 SE2d 389); *Smith v. State*, 250 Ga. 438, 440 (4) (298 SE2d 482).

However, the evidence before the trial court shows that the "acre estimator," represents no new technology but is a new application of two familiar and proven devices (an odometer and a calculator) combined to create an ostensibly "new" device. Additionally, the trial court was authorized to consider the evidence as to the proven accuracy (after the 10% adjustment) of the "acre estimator." This enumeration of error is without merit.

2. "[T]he question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868). Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in

which the jury can calculate the amount of the loss with a reasonable degree of certainty. *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 785 (62 SE2d 198)." *Harden v. Drost*, 156 Ga. App. 363, 365 (2) (274 SE2d 748). See also *Dept. of Transp. v. Bird*, 158 Ga. App. 369, 370 (280 SE2d 394). The plaintiff met his burden in this regard. Speculation is not suggested by the fact that the jury verdict reflects a number of acres less than that determined by plaintiff. The verdict (which coincides with the amount of damages alleged in plaintiff's complaint) is within the range of evidence submitted at trial.

3. Defendant enumerates as error the trial court giving in charge to the jury plaintiff's requested charge which stated: "I charge you that if a witness is equally available to both parties and it is as reasonable to expect one party to produce him as the other, no presumption arises against either party for failure to produce the witness." See *Bank of Emanuel v. Smith*, 32 Ga. App. 606 (3) (124 SE 114). See also Suggested Pattern Jury Instructions, Council of Superior Court Judges of Georgia, Volume 1: Civil Cases, 2nd edition, page 8.

Defendant contends that there was no evidence authorizing this charge. However, there was evidence as to a third individual, Davis, who had precipitated the contract in question when he contacted plaintiff and suggested he contact defendant regarding combining. There was evidence of various business relationships between Davis and both plaintiff and defendant. Defendant testified that it was Davis and not himself who owed plaintiff for the combining work at issue in the case sub judice. Additionally, there was evidence that Davis, who did not testify at the trial, was bankrupt. In view of the evidence presented at trial we find no error in the trial court giving in charge the language of which defendant complains. See *Smith v. Lott*, 246 Ga. 366, 367 (271 SE2d 463); *Witt v. Robbins*, 163 Ga. App. 182, 183 (1) (292 SE2d 894); *Jones v. Maghdoussian*, 159 Ga. App. 839, 841 (1) (285 SE2d 267).

4. Defendant's remaining enumerations of error complain of the trial court's failure to give certain requested charges. The issues set forth by these remaining requests to charge were either substantially covered by the charge given or not relevant to the issues of the case. *Dawes Mining Co. v. Callahan*, 154 Ga. App. 229, 233 (5) (267 SE2d 830).

5. As the issues raised in defendant's appeal have been resolved in favor of plaintiff, the issues presented by plaintiff's cross-appeal are moot.

*Judgments affirmed. Sognier, J., concurs. Deen, P. J., concurs specially.*

*T. Lee Bishop, Jr.*, for appellant.
*J. Richard Porter III*, for appellee.

Deen, Presiding Judge, concurring specially.

This case involves an instrument known as an "acre estimator." It appears to be a species, hybrid or cross between an odometer and a computer and is used to estimate the number of acres in combining wheat. The party plaintiff testified that he had used the acre estimator for seven to eight years satisfactorily in his work done for many different farmers.

One of the leading cases in determining the admissibility of scientific evidence is *Harper v. State*, 249 Ga. 519 (292 SE2d 389) (1982). In deciding whether a certain procedure or technique has attained a scientific stage of verifiable certainty, the trial court "may make this determination from evidence presented to it at trial by the parties." Id. at 525. It is indicated further that expert testimony may be of value in making this determination, along with consideration of exhibits, treatises, and the known natural laws. The plaintiff testified as to the accuracy towards attaining verifiable certainty by his satisfactory use of the instrument in estimating acreage for over six to seven years. It would appear that this would qualify him as an expert in the use of this instrument and procedure.

Objections were made during the trial that the acre estimator was an inexact procedure or inexact science not having attained verifiable certainty and was therefore inadmissible. When a procedure or science is exact, the court can take judicial notice of this, as no proof is necessary. It would appear that the acre estimator is less trustworthy than exact or uncontradicted science (i.e., laws of momentum, friction, entropy, conservation and gravity), and it is a little bit more trustworthy than inadmissible procedures, such as the polygraph. Verifiable certainty of admissible evidence is not necessarily equated with exact science.

Law and medicine, as most other disciplines, are not exact sciences. Evidence of fingerprints and blood, and standards within law and medicine, is not absolutely exact but is of sufficient verifiable certainty and trustworthiness that it may be considered by a jury in deciding a given question. See *Blount v. Moore*, 159 Ga. App. 80 (282 SE2d 720) (1981). To estimate acreage is an inexact procedure but still is of such certainty as to be reliable and worthy of jury consideration. A certified land surveyor might mathematically calculate acreage which could be less than absolutely exact but would still attain possi-

bly a higher degree of verifiable certainty than an acre estimator.