A89A1166. CHAVERS et al. v. KENT DIVERSIFIED PRODUCTS, INC.
(389 SE2d 261)

CARLEY, Chief Judge.

Appellant-plaintiffs entered into an agreement whereby they "granted, bargained, sold and conveyed . . . unto [appellee-defendant] . . . [a]ll timber standing, lying, growing and being on [certain] described property. . . ." Under the terms of the agreement, appellee was given 24 months within which "to cut and remove the above-described timber and trees from said tract of land, and all of the said timber and trees that are not cut and removed by said expiration date shall revert to [appellants]." The agreement did not provide for the payment of a specified gross amount to appellants. Instead, it provided for appellee's payment of a specified varying dollar amount per cord of pine pulpwood, pine sawtimber, and certain types of hardwood.

Over the 24-month period specified in the agreement, appellee cut some, but not all, of the timber. After the uncut timber had reverted to appellants, they filed this action against appellee. Appellants' complaint, as amended, alleged that $128,455 was the full purchase price of the timber that had been conveyed to appellee, but that they had been paid only $88,016 for the timber that appellee had

actually cut. As the result of this alleged failure to pay the full purchase price of $128,455, appellants sought to recover from appellee the principal amount of $40,439. Appellee answered, denying the material allegations of the complaint and asserting, in effect, that it was contractually obligated to pay only for such timber as it had actually cut. Appellee also filed a two-count counterclaim against appellants. In one count, appellee sought to recover an alleged overpayment to appellants of $2,480. In the other count, appellee alleged a *Yost* counterclaim for abusive litigation.

After discovery, appellants filed a motion for summary judgment as to both their main action and appellee's counterclaims. Appellee filed a cross-motion for summary judgment on appellants' main action. Pursuant to OCGA § 9-11-56 (h) and *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980), appellants appeal directly from the grant of summary judgment in favor of appellee and from the denial of their motion for summary judgment.

1. Appellants urge that no genuine issue of material fact remains as to appellee's contractual obligation to pay for all timber located on the tract regardless of whether that timber was cut into cords and removed during the 24-month period. Appellee urges that no genuine issue of material fact remains as to its contractual obligation to pay for only such timber located on the tract as it actually cut into cords and removed during that period.

"The relation between the parties to a conveyance whereby one sells to the other the timber on land is that of vendor and vendee, and not that of landlord and tenant; and the conveyance is a deed, not a lease, although the time within which the timber is to be cut and removed is limited to less than five years. [Cits.] . . . . The conveyance of timber . . . authorizes the grantee, not merely to use it and return it, but to take it away, sell it, and otherwise possess it." *McLendon Bros. v. Finch*, 2 Ga. App. 421, 423-424 (58 SE 690) (1907). "A conveyance of timber which includes a limitation of time for the cutting and removal thereof conveys a title in the timber defeasible as to timber not removed within the stated period. After the time provided has elapsed, title to the remaining timber revests in the grantor. [Cit.]" *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 540 (3) (277 SE2d 646) (1981). These principles are controlling and applicable in the instant case, notwithstanding any dicta contained in *Johnson v. Truitt*, 122 Ga. 327 (50 SE 135) (1905). See *Camp v. Horton*, 131 Ga. 793, 797-798 (63 SE 351) (1909).

Accordingly, for a 24-month period, appellee was vested with title to "all timber" on the tract and, during that period, it was authorized to cut and remove "all timber" located thereon. The conveyance to appellee of "all timber" for the 24-month period was all-inclusive and the broad scope of that conveyance could not otherwise be decreased

simply because the consideration was expressed in terms of "cords" of timber. "[I]n this case, the subject-matter has been clearly and specifically described [as 'all timber' and] it could not properly be diminished or limited by a mere general recital of consideration in some other part of the agreement. Any such treatment would allow the otherwise clear and specific terms as to the quantum of the subject-matter to be varied under the guise of inquiring into the consideration, which is never permissible under the law. [Cits.]" *McCann v. Glynn Lumber Co.*, 199 Ga. 669, 678-679 (2) (34 SE2d 839) (1945). Likewise, the mere fact that the consideration for the conveyance was expressed in terms of "cords" of timber cannot otherwise diminish appellee's contractual obligation to pay the agreed-upon purchase price for "all timber" which was conveyed to it. Cf. *Norman v. Ray*, 34 Ga. App. 380 (129 SE 795) (1925). As consideration for this conveyance of "all timber," appellee expressly agreed to pay appellants a designated varying dollar amount per cord of pine and hardwood and did not expressly agree to pay for *only* such timber as it might actually cut into cords and remove during the 24-month period. Compare *Massee & Felton Lumber Co. v. Macon Cooperage Co.*, 44 Ga. App. 590 (1) (162 SE 396) (1932). Accordingly, under the agreement, as properly construed, appellee's contractual obligation was not limited to paying for only such cords of timber as it actually cut and removed from the tract during the 24-month period. Appellee's contractual obligation was to pay for all cords of timber on the tract regardless of whether those cords were cut and removed during the period. Appellants "sold [appellee] the timber. [Appellee] accepted the timber[.] [If appellee paid] only a part of the purchase price thereof[,] [appellants] could properly sue [appellee] for the . . . balance of the purchase-price [of 'all timber' located on the tract]." *Seabolt v. Christian*, 82 Ga. App. 167, 171 (60 SE2d 540) (1950).

In support of their motion for summary judgment, appellants produced evidence in the form of a "timber cruise" which showed the estimated number of total cords of timber located on the tract at the time of the conveyance of "all timber" to appellee. This "timber cruise" was probative evidence of the number of cords of timber that were located on the tract at that time. See generally *Warwick Long Leaf Co. v. Zorn*, 95 Ga. App. 344, 345 (3) (98 SE2d 62) (1957). See also *Pippin v. Burnum*, 172 Ga. App. 553, 554 (1, 2) (323 SE2d 857) (1984). When the number of cords contained in appellants' "timber cruise" is multiplied by the applicable varying dollar amounts per cord specified in the agreement as the agreed-upon consideration for the conveyance of "all timber" on the tract, the resulting figure is $128,455. When the $88,016 that was previously paid to appellants by appellee is subtracted from the agreed-upon consideration of $128,455, the unpaid balance of the purchase price for the conveyance

of "all timber" is $40,439. Appellee produced in opposition no evidence to authorize a finding that the unpaid balance of the purchase price for "all timber" conveyed to it would be any less than that shown by appellants' evidence. It follows that, as to appellants' main claim, the trial court erred in granting appellee's motion for summary judgment and in failing to grant summary judgment in favor of appellants in the amount of $40,439.

2. Our holding in Division 1 of this opinion also mandates the reversal of the trial court's denial of appellants' motion for summary judgment on appellee's counterclaims. Insofar as appellee owes $40,439 to appellants, it clearly has no viable claim against them for an alleged overpayment or for abusive litigation.

3. The grant of summary judgment in favor of appellee and the denial of summary judgment in favor of appellants must be reversed.

*Judgments reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED NOVEMBER 30, 1989 — 

*McCorkle, Pedigo, Hunter & Johnson, David H. Johnson*, for appellants.

*Jones, Osteen, Jones & Arnold, Charles M. Jones, G. Brinson Williams, Jr.*, for appellee.