## A95A2509. VAUGHN et al. v. PLEASENT et al.
### (463 SE2d 548)

BLACKBURN, Judge.

William A. Vaughn, Jr., an Atlanta police officer, and his wife appeal the defense verdict entered in their action for personal injury and loss of consortium, asserting that the trial court erred in making various evidentiary determinations and in charging the jury on assumption of the risk.

On August 3, 1991, Officer Vaughn responded to an emergency call, turning on his siren, blue roof lights and flashing headlights. As Officer Vaughn headed south on Sylvan Road, approaching its intersection with Victory Drive, he noticed that the traffic light facing him was green and that a pickup truck with a large, white trailer hitched to it was stopped at the intersection on the right side of the road. The trailer's signal was not flashing so as to indicate an intent to turn. Officer Vaughn, upon seeing that all traffic was stopped and that his light was green, crossed the yellow centerline to go around the trailer and proceed through the intersection. By Officer Vaughn's own admission, he accelerated for approximately ten seconds before entering the intersection and was traveling in excess of the speed limit.

At the time Officer Vaughn reached the intersection, defendant Henry Douglas Pleasent, the driver of the pickup truck pulling the trailer, began turning left directly into Officer Vaughn's path. Officer Vaughn attempted to, but could not, avoid the collision that ensued. It was later learned that Pleasent had just purchased the trailer and that its rear lights, including turn signals, had not yet been hooked up and were inoperable. Vaughn sued both Pleasent and the party who sold him the trailer, advising Pleasent to drive it without hooking up the lights.

1. The Vaughns first assert that the trial court erred in not permitting or striking certain portions of testimony from an off-duty law enforcement officer who witnessed the accident. Deputy Walton Starling of the Gwinnett County Sheriff's Department was heading north on Sylvan Road, approaching Victory Drive, when he saw Officer Vaughn approaching from the opposite direction. He pulled over to yield to Officer Vaughn's emergency vehicle and witnessed the crash. Sustaining the objection that the evidence would be speculative, the trial court would not permit Starling, who was traveling from the opposite direction, to testify as to whether Officer Vaughn could have seen the taillights on the pickup truck pulling the trailer. The Vaughns assert that this testimony was permissible under *Witt v. Robbins*, 163 Ga. App. 182 (292 SE2d 894) (1982).

In *Witt*, we held that the trial court erred in refusing to allow a witness to a car crash to offer his opinion about the color of a traffic light that he could not actually see. The crash in *Witt* occurred at a

complicated intersection with a delayed lighting scheme. The witness was a relay driver for a business. He lived near the intersection and drove through it daily for a period of years. Even though he was traveling in a direction different from that of the car causing the crash, he offered testimony about who had the right of way based on his observation of the collision and his familiarity with the intersection's particular traffic light scheme. The trial court would not permit the testimony. On appeal we held that: "[h]is knowledge and experience of driving and of the traffic pattern of this intersection removed the testimony from the merely conclusory speculative or hearsay field. It was error to exclude it." Id. at 184.

The circumstances that led to the decision in *Witt* were unusual and are not present in the case at hand. Starling was not asked to testify about a condition he was intimately familiar with; he was asked to testify as to what another driver traveling from another direction could or could not have seen at a specific moment. Under these circumstances, it was not improper to exclude this testimony as speculative, especially in light of the fact that Starling could not describe with specificity the V-shaped angle of the trailer in relation to the truck.

Further, even if this evidence was proper, the Vaughns were not harmed by its exclusion as Officer Vaughn himself testified as to precisely when he first saw the truck. "We will not . . . reverse a case for error unless it is shown that the error is harmful, and evidence is harmless where evidence of the same fact has been admitted and is legitimately before the jury." *Platt v. Nat. Gen. Ins. Co.*, 205 Ga. App. 705, 709-710 (423 SE2d 387) (1992).

Similarly, we reject the Vaughns' contention that the trial court erred in not permitting Starling to offer an opinion as to the appropriateness of Officer Vaughn's speed and his decision to cross the centerline just prior to the collision. Our review of the record reveals that Starling testified as to these issues, stating that: "[b]ased on my experience and on my training, the degree of traffic that was present at the time, I don't know of anything that Officer Vaughn could have or I would have done different [sic] than what he did." Because the testimony in question would have been cumulative in nature, we find no harm was caused by the alleged error. *Platt*, supra.

2. The Vaughns assert that the trial court erred in charging the jury on the assumption of risk. " 'The defense of assumption of risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom; and (3) he voluntarily exposed himself to that risk.' " *Turner v. Sumter Self Storage Co.*, 215 Ga. App. 92, 94 (449 SE2d 618) (1994). Officer Vaughn contends that because the trailer's turn signal was not operable, he did not appreciate or assume the risk that the truck pulling

the trailer would turn directly into his path. However, Officer Vaughn was aware of the risk involved in speeding through an intersection while traveling on the wrong side of the road. See *McCrimmons v. Cornell-Young Co.*, 171 Ga. App. 561, 563 (320 SE2d 398) (1984) (injured plaintiff may not have been aware of the specific risk posed but "anticipated the risk inherent in the work he was doing and knowingly assumed that risk"); see also *First Pacific Mgmt. Corp. v. O'Brien*, 184 Ga. App. 277, 281 (361 SE2d 261) (1987) ("One cannot admit knowledge of the presence of a [minefield] but claim ignorance because he was not aware that a mine was placed at the point he decided to enter it."). As evidence supported the trial decision to instruct the jury on assumption of the risk, this enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 3, 1995 — 

*Robert Altman*, for appellants.
*Fain, Major & Wiley, Charles A. Wiley, Jr., Kim M. Jackson, Tittsworth, Grabbe & Spillers, John C. Grabbe IV*, for appellees.