32789. Ash v. Higgins.

Worrill, J. 1. The first special ground of the motion for new trial is as follows: "Ground 1. Because the court erred in charging the jury as follows: 'They further stipulate that the true and correct boundary or dividing line between their property is the original land lot line between those lots', which was confusing and misleading to the jury and that said statement was not stipulated to by the parties." *Held:* Where the record shows that the parties stipulated that the "Applicant and protestant are coterminous landowners . . and that J. M. Higgins made application to the land processioners . . for his lines to be surveyed and marked anew and that the commissioners . . together with the county surveyor . . did meet and proceeded to survey and mark anew the line around applicant's tract and the line between applicant and protestant was the original east and west line between lots 773 and 774," while such charge complained of may not have been in the exact language of the stipulations, it was substantially correct and was not error for any of the reasons assigned.

(a) Since it appears that the so-called stipulations are made a part of the record certified to this court, and it does not appear that any objection was made to them in the trial court on the ground that they were not signed by the parties as required by law, this point, being raised for the first time by brief of counsel for the plaintiff in error in this court, will not be considered.

2. Special ground two of the amended motion for new trial is as follows: "Ground 2. Because the court erred in giving the following charge to the jury: 'the issue that you are to try and determine in this case is where the true and original land lot line marking the boundary between these lots is located', (page 4 of charge). Movant avers that said statement and charge was erroneous and not sound as an abstract principle of law." *Held:* While it is true that the issue to be tried by the jury in a processioning case is whether the line found and marked by the processioners or the line claimed by the protestant is the true dividing line between the properties of the adjoining landowners, nevertheless where, as in this case the record shows that the parties stipulated that "the line between applicant and protestant was the original east and west line between lots 773 and 774," and where the plat made by the surveyor and returned with the report of the processioners shows that that was the line run and marked anew, and where the county surveyor testified that "As to locating the original land line between these two lots and marking it anew, we marked it," and where all the other testimony of the county surveyor and of the processioners showed that the original land lot line was the line sought to be located, while the portion of the charge complained of may have been inapt as being an insufficient statement of the issues, it was not, in view of the stipulations of the parties, erroneous.

3. The brief of the evidence sufficiently shows that the line surveyed and marked anew by the processioners was evidenced by marks and blazes on trees along the length of the line, and that one land lot corner on the disputed line had an iron pin driven, marking its location. This

being sufficient evidence to authorize the verdict for the applicant, the trial court did not err in overruling the motion for new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED MARCH 9, 1950.

*H. T. Oliver, H. T. Oliver Jr.,* for plaintiff in error.
*E. C. Brannon, J. F. Pruitt,* contra.