## 51565. DUAL S. ENTERPRISES, INC. v. WEBB.

CLARK, Judge.

This is an appeal by defendant truck owner from a judgment entered upon a verdict for plaintiff in an automobile-truck collision. The vehicles were traveling in opposite directions when they collided in a sharp curve on a narrow road in Habersham County. Each driver claimed the other drove across the center line. There are eleven assignments of error which we divide into three categories as herein captioned.

A. Evidence Error Enumerations

1. During the course of the trial, the court permitted a witness to answer the following question over defendant's objection: "[B]ased upon your experience with that type of truck [the type driven by defendant's employee] and based upon your knowledge of that — that curve there, do you have an opinion as to the safe speed that that truck or that type of truck should go around a curve?"

Defendant contends that the question was the ultimate issue to be decided by the jury and, therefore, was not proper for opinion evidence. We cannot accept this contention. The ultimate issue was whether defendant was negligent and whether such negligence proximately caused plaintiff's injuries. The question did not seek an opinion on the issue of negligence. *Massee v. State Farm Mut. Auto. Ins. Co.,* 128 Ga. App. 439, 444 (197 SE2d 459). Compare *Cone v. Davis,* 66 Ga. App. 229, 234 (5) (17 SE2d 849).

Assuming, arguendo, that the question was the ultimate issue for the jury, defendant's contention

nevertheless must fail. "A witness may testify as to his opinion where the question is a proper one for opinion evidence, even though it is the ultimate issue for the jury in the case . . . If the witness is asked to draw an inference of fact from data observed by him or the expert witness is asked to draw an inference of fact from data observed by him or presented by other witnesses, this is a proper question for opinion evidence. The opinion is one of fact. It is only where the drawing of the inference requires a mixture of law and fact that the question is not a proper one for opinion evidence." 11 EGL Evidence, § 16. Inasmuch as the question called for an opinion of fact, it was a proper one for opinion evidence. Compare *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 4 (2) (5 SE2d 214), with *Cone v. Davis,* 66 Ga. App. 229, supra.

2. Defendant contends the court erred in permitting George Stancel, a lay witness, to reconstruct the point of impact of the collision. The witness fully described the scene of the collision, detailing the position of the damaged vehicles and the location and angle of tire marks on the road. He then opined that defendant's truck crossed the center line of the highway, striking plaintiff's automobile.

"It is well settled that when the subject matter of an inquiry relates to numerous facts perceived by the senses, to a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitations of language, cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind. This procedure is sometimes spoken of as a 'shorthand' rendering of facts or as testimony of collective facts, and has been applied to the admission of lay opinion evidence as to the location of the impact as respects a motor vehicle collision." Annot., 66 ALR2d 1048, 1071. Thus, in *Stenger v. Weller,* 47 Ga. App. 863 (1) (171 SE 829), this court ruled: "The witness testified fully as to the position in which he found the wrecked cars shortly after the collision, and the physical

condition of each car, and the scratches and marks in the road, and then stated his opinion as to which car made the described marks. In the light of the circumstances, the jury may not have been able to see and understand as clearly as the witness the matters sought to be shown, and it was not error, under the ruling and instruction of the court, to allow the witness to state his opinion." Accord, *Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254, 267 (60 SE2d 815); *Sikes v. Wilson,* 74 Ga. App. 415, 418 (39 SE2d 902). But see *Robinson v. McClain,* 123 Ga. App. 664, 665 (182 SE2d 157) and cits. The opinion testimony by this nonexpert witness was properly admitted under the facts and circumstances of this case.

3. Defendant contends the court erred in permitting Jerry Beyers, another lay witness, to reconstruct the point of impact of the collision. This witness also opined that defendant's truck crossed the center line of the highway.

While this witness testified that he made various measurements at the scene of the collision, he did not inform the jury of the results of his measurements. He did not describe the conditions he observed at the scene of the collision; nor did he detail the positions of the wrecked vehicles. In sum, unlike witness Stancel, Beyers did not disclose the facts upon which his opinion was based.

Where a nonexpert witness is permitted to render an opinion he must state the facts upon which the opinion is based. *Atlanta Consolidated Street R. Co. v. Bagwell,* 107 Ga. 157 (6a) (33 SE 191); *Lankford v. Milhollin,* 200 Ga. 512, 513 (3) (37 SE2d 197); Green, The Georgia Law of Evidence, § 110. See generally *Stenger v. Weller,* 47 Ga. App. 863, supra. Inasmuch as the witness did not state the facts upon which he based his opinion, it was error to allow him to give his opinion as to the point of impact.

Was this error harmful, entitling defendant to a new trial? "The minor errors in the admission or rejection of testimony do not warrant a reversal of the judgment sustaining the verdict of the jury." *Fain & Stamps v. Ennis,* 4 Ga. App. 716 (4) (62 SE 466). It is incumbent upon the reviewing court to determine if the mistake was of sufficient magnitude to require a new trial. *Ga. Power Co. v. Hendricks,* 130 Ga. App. 733 (204 SE2d 465). Thus, a judgment entered upon a jury's verdict will not be

reversed simply because improper opinion testimony relating to minor details in a case is admitted in evidence. See, e.g., *Atlantic & B. R. Co. v. Mayor &c. of Cordele,* 128 Ga. 293, 294 (2) (57 SE 493). Since other evidence as to this same detail—point of impact—was properly admitted, we treat the erroneous admission of the opinion of this witness as being harmless. See *Carlisle v. Callahan,* 78 Ga. 320, 321 (2) (2 SE 751).

4. Defendant asserts the court erred in permitting an expert witness (a post office accident investigator) to give his opinion as to the point of impact since the witness based his opinion upon data contained in a post office accident report which was prepared by the witness and two other post office employees.

In giving his opinion that defendant's truck crossed the center line of the highway, the witness testified as to the location of gouge marks in, and oil slicks upon, the road. Testifying from a post office accident report, the witness further stated the results of various measurements taken at the scene of the collision. The measurements were made by three post office investigators, one of whom was the witness. The witness could not distinguish the measurements which he made from those made by the other investigators.

Defendant objected to the witness' opinion on the ground that it was based in part upon hearsay, i.e., the measurements taken by the other investigators.[1] The objection was overruled and the expert's opinion was admitted in evidence.

We think the trial judge properly admitted the expert's opinion testimony in evidence.

Generally, an expert cannot state his opinion based upon observations or reports which are not admitted in evidence.[2] *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714, 719 (128 SE2d 75); *Buffalo Cab Co. v. Gurley,* 134 Ga. App.

---

[1]The accident report was not offered in evidence as a business record.

[2]Opinion "value" testimony is a recognized exception to this rule. See, e.g., *Rowe v. City Council of Augusta,* 119 Ga. App. 571, 572 (168 SE2d 209).

167, 168 (213 SE2d 545). Compare *Security Ins. Group v. Brackett,* 132 Ga. App. 415 (208 SE2d 109). On the other hand, an expert can give an opinion based upon facts which he personally observes. *Finley v. Franklin Aluminum Co.,* 132 Ga. App. 70, 72 (3) (207 SE2d 543). And where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings. *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 860 (4) (126 SE2d 264).

In *Central Container Corp. v. Westbrook,* supra, a police officer based his opinion as to the speed of a truck on the length in feet of the truck's skid marks. The police officer personally observed the skid marks, but the measurement was made by another officer. The court noted the officer's personal observation of the skid marks and held that it was not error to admit the officer's opinion even though it was based upon the hearsay measurement. In so ruling, the court stated that "Where an opinion is permissible, it is not subject to be ruled out because subsequent questioning develops that the opinion is founded on inadequate knowledge, but such proof should be considered by the jury as going to the credibility of the witness' opinion. [Cit.]" p. 860.

The *Westbrook* rationale is applicable to the case at bar. Although the expert was unable to specify which measurements he made, he personally observed the scene of the collision and participated in the collection of collision data. Thus, although based in part upon the measurements of others, we think the expert's opinion testimony was admissible. See *Central Container Corp. v. Westbrook,* supra. See also McCormick on Evidence, § 15 (1972).

5. Defendant also contends the court erred in permitting the post office investigator to reconstruct the collision on the ground that his opinion was based on insufficient data. We disagree. If an expert's opinion is based on an insufficient factual foundation, this affects the weight, but not the admissibility, of the witness' testimony. *Atlanta Transit System v. Biggs,* 133 Ga. App. 960, 963 (213 SE2d 87); *Fuels, Inc. v. Rutland,* 123 Ga. App. 23 (179 SE2d 290); *Freedman v. Housing Author-*

*ity of City of Atlanta,* 108 Ga. App. 418 (136 SE2d 544).

6. During the direct examination of a state trooper, defendant's counsel handed the witness a photograph which depicted the scene of the collision. The photograph already had been admitted in evidence. Counsel directed the witness to place a circle on the picture to show his opinion as to the point of impact. The witness complied with this request. When defendant's counsel attempted to show the photograph to the jury, the trial court remarked that it had been "altered now from what it was when it was admitted."

Defendant contends the court's use of the word "altered" (1) amounted to an intimation of opinion as to what had been proved and (2) discredited defendant's photograph and expert witness. This contention is without merit. By using the word "altered" the court did not imply that defendant technically tampered with the photographic evidence; the court simply implied that the photograph had been written upon. We think the jury understood the meaning of the court's words.

B. Refusal of Request to Charge

7. The court did not err in refusing to charge on assumption of risk and on the doctrine of legal accident as the evidence in this case did not warrant instructions to the jury on these legal doctrines.

8. In the absence of exceptions to the charge dealing with the contention that request no. 13, a portion of request no. 14, request no. 15 and request no. 22 were not included we do not undertake to deal with these contentions. See Code Ann. § 70-207.

9. We find no merit in the 10th enumeration of error dealing with the failure of the trial court to charge defendant's request no. 16. The trial court fully and fairly charged the jury on the issues raised by the evidence.

C. Remaining Enumeration of Error

10. Relying upon *Weatherbee v. Hutcheson,* 114 Ga. App. 761, 766 (4) (152 SE2d 715), defendant contends the trial court erred in qualifying the jury as to insurance on the basis of an alleged voir dire repetition and in refusing to grant a mistrial upon the second occasion.

The record does not show that the trial court qualified the jury as to insurance prior to the occasion which formed the basis of defendant's mistrial motion. Moreover, in denying the motion for mistrial, the court stated that it had not previously qualified the jury as to insurance. Inasmuch as the assertions of counsel as to what transpired below cannot take the place of the record or transcript (*Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 71, supra) we find no merit in defendant's remaining enumeration of error.

*Judgment affirmed. Bell, C. J., concurs. Stolz, J., concurs in the judgment only.*

ARGUED JANUARY 12, 1976 — DECIDED APRIL 29, 1976 — REHEARING DENIED MAY 28, 1976.

*Kenyon, Hulsey & Oliver, Julius M. Hulsey,* for appellant.

*Oliver & Oliver, Robert F. Oliver,* for appellee.