## 67897. KHOURY CONSTRUCTION COMPANY, INC. v. HILKER.

QUILLIAN, Presiding Judge.

The plaintiff brought an action for damages under a construction contract by which the defendant for a consideration agreed to build a house for the plaintiff, seeking to recover from the defendant for the

defendant's failure to remedy certain itemized defects under the terms of the builder's warranty.

As described in the complaint, as amended, the principal items which it was alleged the defendant failed to correct were: 1) that the defendant negligently utilized fill dirt so that water accumulated under the house, 2) that the defendant negligently used marble around the fireplace which did not match, 3) that interior doors were defective, certain windows would not open or close, insulation was improperly attached, painting at certain points began to crack and bleed, and a gas line to natural gas logs was improperly installed.

The defendant denied the material allegations of the complaint and the case came on for trial before a jury. At the close of the evidence the jury returned a verdict in favor of the plaintiff for $2,500. From the judgment entered thereon, the defendant appealed to this court. *Held*:

1. One of the major issues during the trial was the presence of water under the completed house. A witness for the plaintiff, a landscaper, who performed the work to correct that situation stated that he brought in some 21 loads of fill dirt and placed it under the house in order to raise the level of grade under the house to a point where water would no longer collect there. During the course of his testimony he was asked with regard to the water problem: "Was there any other way to correct it, other than to do the work that you did?" Objection was interposed on the grounds: "That would call for an opinion, and I don't think this man's been qualified as an expert, Your Honor. We object." The trial judge overruled the objection and the witness then stated: "There was — there would be one other way, and that would be to dig a sump hole and put a pump under there — automatic pump — that would pump this water out on rainy seasons."

The defendant contended and introduced testimony both on his part and by an expert witness that grading outside the house would have diverted any water, that one load of fill would have been sufficient and this could have been accomplished at a cost of $125. The plaintiff incurred a cost of $2080 for the work he had performed to correct the water accumulation.

It is clear that the core question was whether the plaintiff's choice of filling dirt under the house with its concomitant requirement of extensive labor was necessary or whether grading outside the house as proposed by the defendant would have been sufficient. There was no evidence as to the cost of a sump pump and we fail to see how a question regarding some other means of correcting the situation and an answer as to "one other way" had a significant bearing on the issue.

From a consideration of the evidence adduced and the charge of

the court any error in permitting the witness to give his version of "one other way" to correct the problem (which was not used or proposed by either side) was harmless. *Central of Ga. R. Co. v. Augusta Brokerage Co.*, 2 Ga. App. 511 (1) (58 SE 904); *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812 (3) (227 SE2d 418); *Atlantic & Birmingham Co. v. Mayor &c., Cordele*, 128 Ga. 293 (2) (57 SE 493).

2. The evidence was sufficient to authorize the verdict rendered.

3. The plaintiff/appellee's motion to assess a 10% bad faith penalty is denied.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 21, 1984.

*Michael J. Gannam*, for appellant.
*Thomas J. Mahoney, Jr.*, for appellee.