## 71808. SHELTON v. LONG.

(339 SE2d 788)

BANKE, Chief Judge.

The appellee made application to the Probate Court of Fannin County for a processioning to determine the location of the boundary line between a parcel of land owned by herself and a parcel owned by the appellant. See generally OCGA § 44-4-1 et seq. Being dissatisfied with the return of the processioners, the appellant filed a protest with the superior court pursuant to OCGA § 44-4-9. The protest was duly tried before a jury, resulting in the return of a verdict in favor of the appellee, upholding the line found by the processioners. This appeal is from the denial of the appellant's motion for new trial. *Held*:

1. The appellant contends that the trial court erred in allowing the county surveyor to relate to the jury the substance of certain statements made to him and the processioners by one Gene Parker, concerning the origins of a fence which, according to the appellant, marked the true boundary line between the properties. The surveyor testified that "both parties [had] indicated that Mr. Parker would be

a good person to talk to since he used to live on the [appellee's] property." Over a hearsay objection interposed by the appellant, the witness was then allowed to testify that Parker had told them he and his father had built the fence as part of a hog lot and that it "didn't have anything to do at all with the property line." Mr. Parker was himself subsequently called as a witness and, in response to the question, "Was that fence ever meant to be a property line?" testified as follows: "I don't know . . . We built it for a hog pasture. We made a big hog lot up there. And this is what it was, this was what I thought it was built for."

The chief reasons for the exclusion of hearsay testimony are that it does not have the sanction of an oath and deprives the party against whom it is offered the opportunity to cross-examine the declarant. See *Peacon v. Peacon*, 197 Ga. 748, 752 (30 SE2d 640) (1944). See also Agnor's Ga. Evid., § 11-1, p. 205 (1976 ed.). These reasons obviously do not apply in the case before us, since the declarant was present in court, offering sworn testimony essentially consistent with his out-of-court statements and making himself available for cross-examination with respect to any discrepancies. Cf. *Brewer v. Williams*, 167 Ga. App. 151, 153 (6) (305 SE2d 891) (1983). Under these circumstances, the only way the surveyor's hearsay account of Parker's statements could have harmed the appellant was by unduly emphasizing them through the resulting repetition. However, in view of the fact that the correctness of the processioners' return was the central issue being tried, it is clear that the methodology used by them and the factors considered by them in making their return were themselves proper subjects for the jury's consideration. See generally *Ash v. Higgins*, 81 Ga. App. 137 (58 SE2d 464) (1950); *Earney v. Owen*, 213 Ga. 412, 415 (99 SE2d 201) (1957). For these reasons, we hold that the surveyor's testimony regarding his discussion with Parker in the presence of the processioners was properly admitted.

2. The appellant contends that the court erred in permitting an attorney who had been called as an expert witness by the appellee in the areas of real estate law and title examinations, and who had personally examined the deeds and plats making up each party's claim of title, to answer the following question: "Do the deeds in the [appellee's] chain of title square with the processioner's survey as to the line in dispute?" The witness responded that although the deeds in the appellee's chain did not themselves "square" with the line found by the processioners, they did "square" with the processioner's line when considered in conjunction with such extrinsic evidence as the relevant plats and the deeds in the appellant's chain. The appellant objected to this testimony on the ground that it improperly invaded the province of the jury. We disagree. Although the witness' opinion did address itself to the ultimate issue to be decided by the jury, it was

nevertheless admissible in that the legal effect of the arcane descriptions contained in the deeds was a matter "beyond the ken of the average layman" and therefore a proper subject for expert opinion testimony. See generally *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). Compare *Walker v. Bishop*, 169 Ga. App. 236 (4) (312 SE2d 349) (1983), holding that the opinion testimony of several law enforcement officers as to whether there had been sufficient probable cause for the plaintiff's arrest did not concern a matter beyond the ken of the average layman and should not have been admitted in an action by the plaintiff to recover damages for malicious arrest.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 22, 1986.

*Wesley Williams*, for appellant.
*Pierre Howard*, for appellee.