A91A2025. COMPO MACHINERY CORPORATION v. PANTS LIMITED S.A.
(417 SE2d 443)

JOHNSON, Judge.

Compo Machinery Corporation (Compo) brought a breach of contract action against Pants Limited S.A. (Pants) in Barrow County, Georgia. Compo is a Massachusetts corporation and Pants is a Haitian corportion. Pants alleges that the contract giving rise to this action was not negotiated, entered into or executed in Georgia. Pants filed a motion to dismiss for lack of personal jurisdiction and, after a hearing, the trial court granted the motion. Compo appeals from that ruling. No transcript of the hearing is included as part of the record on appeal.

"The party asserting error on appeal has the burden to show it affirmatively by the record. [Cit.] . . . 'This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel.' [Cit.] . . . The party asserting error has a duty to show it by the record. [Cit.]" *McClaskey v. Jiffy Lube,* 197 Ga. App. 537, 538 (398 SE2d 825) (1990).

We have thoroughly reviewed the entire record on appeal and absent a transcript of the hearing it is unclear what evidence the trial court relied upon in making its decision. Accordingly, Compo has

failed to show any error by the record and without "a transcript it must be presumed that the trial judge correctly ruled on the issues presented." *Beech Aircraft Corp. v. Jackson,* 199 Ga. App. 627 (405 SE2d 518) (1991).

*Judgment affirmed. Carley, P. J., concurs, and Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because the trial court was correct on the merits of the motion to dismiss. The problem is not the absence of a transcript. Appellant relies exclusively on the pleadings and evidence in the record. The evidence consists of affidavits filed by both parties and defendant's answers to plaintiff's interrogatories.

Based on this evidence, it is clear that defendant's minimal contacts in this state did not subject defendant to the jurisdiction of the Georgia court because the transaction in question did not occur in Georgia. *O. N. Jonas Co. v. B & P Sales Corp.,* 232 Ga. 256 (206 SE2d 437) (1974). Its activities consisted of using Mrs. Ridgeway's home address for certain of its correspondence due to difficulties with Haitian postal service and by making some purchases for its operations through Mrs. Ridgeway and consulting her. But nothing other than attempts at collection for the alleged debt which is the subject of this lawsuit occurred in Georgia.

Thus, the defendant corporation did not "transact any business within this state" within the meaning of OCGA § 9-10-91 (1) such as would give jurisdiction to the Georgia court with respect to the alleged debt for machinery sold to the non-resident defendant by the non-resident plaintiff by way of phone calls between Haiti and Massachusetts.

This is not to say that service of process was valid, but that even if it was not, long-arm jurisdiction did not lie.

DECIDED MARCH 20, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992.

*James A. Dunlap, Jr.,* for appellant.
*Scott & Quarterman, Donald T. Wells, Jr.,* for appellee.