A96A1008. JOHNSON v. KNEBEL et al.
(474 SE2d 636)

Judge Harold R. Banke.

Rhonda Johnson sued David Knebel and William Fitzpatrick for damages resulting from collisions between her vehicle and those driven by Knebel and Fitzpatrick. A Houston County jury awarded her $55,000 against Knebel only and exonerated Fitzpatrick. She appeals from a judgment entered on that verdict. *Held*:

1. Johnson contends the trial court erred by allowing the investigating police officer to testify, on cross-examination by Fitzpatrick's counsel, that he issued Fitzpatrick no traffic citations. The principle of law she cites is generally correct. "It is well-settled that in a civil action for damages a plaintiff may not show that charges were brought against a defendant or that the defendant was required to make an appearance in traffic court for a violation of the law alleged to have proximately resulted in the plaintiff's injuries. [Cit.]" *Emory v. Dobson*, 206 Ga. App. 482, 483 (426 SE2d 50) (1992); see also *Underwood v. Butler*, 166 Ga. App. 527, 529 (3) (304 SE2d 729)

(1983).

To every evidentiary rule are exceptions, however, and even where there is error the appellant must also show harm by the record. *City of College Park v. Pichon*, 217 Ga. App. 53, 54 (1) (456 SE2d 686) (1995). "The burden is on the appellant to show error by the record, and when a portion of the evidence bearing upon the issues raised by the enumerations of error[ ] is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance to that issue must result." (Citations and punctuation omitted.) *Graham v. Newsome*, 174 Ga. App. 351, 352 (2) (330 SE2d 98), rev'd on other grounds, 254 Ga. 711 (334 SE2d 183) (1985). "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." (Citations and punctuation omitted.) *Compo Machinery Corp. v. Pants Limited*, 203 Ga. App. 728 (417 SE2d 443) (1992) (physical precedent only).

In support of this enumeration of error, Johnson has supplied this Court with only an excerpt of the recross-examination testimony of the police officer. From this limited record, it is impossible to tell whether Johnson somehow opened the door to this testimony or whether other testimony in the case rendered this evidence harmless. See *Strickland v. Stubbs*, 218 Ga. App. 279, 281 (4) (459 SE2d 473) (1995), in which the Court considered but rejected, based on the record, arguments that other evidence had made admissible testimony regarding the issuance of a traffic citation. We addressed this issue in *Drummond v. Gladson*, 219 Ga. App. 521 (2) (465 SE2d 687) (1995), a case which is physical precedent only because two panel judges believed the record sufficient to fully review the enumeration. Unlike the record in *Drummond,* the partial transcripts Johnson supplied this Court cannot be considered to provide the "barest minimum" record necessary to reverse the case based on this ruling. Id. (Beasley, C. J., concurring specially). Johnson has not shown, by the record, that the trial court erred in admitting this testimony.

2. Johnson contends Fitzpatrick's expert, Mr. Lindsay, was not qualified to give his opinion as to which of the two collisions resulted in her injuries. Pretermitting whether the trial court properly allowed Lindsay to testify as an expert on this subject, the record shows he related the facts upon which he based that opinion, including his review of photographs showing the damage to each vehicle. Because even a lay witness may give his opinion so long as he relates the facts upon which he bases that opinion, *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812 (3) (227 SE2d 418) (1976), we find no error here.

3. Johnson's final enumeration of error, like her first, suffers from a fatal lack of record. She contends the trial court erred by

allowing a deputy to testify that a Mr. Smith told him Johnson was driving the car. The trial court overruled the objection on the grounds that Smith was present and available to be cross-examined on this issue. See *T. J. Morris Co. v. Dykes*, 197 Ga. App. 392 (1) (398 SE2d 403) (1990) (not reversible error to allow hearsay where witness available and subject to cross-examination); *Shelton v. Long*, 177 Ga. App. 534, 535 (1) (339 SE2d 788) (1986) (same). Although Johnson argues Smith had been excused at the time of this testimony and decries her inability to cross-examine him on this matter, she fails to provide the court with a transcript of his testimony. She does provide an excerpt from Smith's testimony showing he was excused as a witness, but there is no way to tell from the record *when* he was excused. She also fails to provide any portion of the deputy's testimony other than that containing the question, objection, and answer at hand. We cannot, based on this scant record, tell whether the trial court properly admitted this evidence. See, e.g., *Shelton*, supra. Neither can we determine whether the admission of this testimony caused any harm. See, e.g., *Harris v. Tatum*, 216 Ga. App. 607, 611 (2) (455 SE2d 124) (1995) (admission of hearsay which is merely cumulative of other evidence is harmless). "As [Johnson] has not met [her] burden of proving [her] enumerated error by the record, we must presume that the trial court did not err. [Cit.]" *Stolle v. State Farm &c. Ins. Co.*, 206 Ga. App. 235, 236 (2) (424 SE2d 807) (1992).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 25, 1996 —
RECONSIDERATION DENIED AUGUST 16, 1996 — 

*Sell & Melton, Mitchel P. House, Jr., Jeffrey B. Hanson*, for appellant.

*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Jones, Cork & Miller, Wendell K. Howell, Robert E. Norman*, for appellees.