## S96G1968. JOHNSON v. KNEBEL et al.
### (485 SE2d 451)

SEARS, Justice.

Certiorari was granted to review the Court of Appeals' ruling that appellee's expert witness could render an opinion at trial as to which of two successive automobile collisions resulted in appellant's personal injuries. The trial court admitted the testimony as the opinion of appellee's expert witness. The Court of Appeals ruled that the testimony was admissible as the opinion of a lay witness. For the reasons explained below, we find that the Court of Appeals erred by reviewing the admissibility of testimony accepted by the trial court as expert opinion under the standard applicable to lay opinion testimony. We also find that the opinion testimony offered by appellee's witness was not admissible in the trial court as the opinion of either a lay or an expert witness. Therefore, we reverse the Court of Appeals' affirmance of the trial court's judgment.

Appellant Johnson suffered a broken leg as the result of two successive automobile collisions that occurred at night. In the first collision, appellee Knebel collided head-on with the car in which Johnson was traveling as a passenger, leaving Johnson trapped in the vehicle as it sat in the road disabled and without lights. While the car sat in

this condition, appellee Fitzpatrick collided with the rear of the car. Johnson filed suit against both Knebel and Fitzpatrick, alleging that they were joint tortfeasors. At trial, Fitzpatrick contended that the initial impact, the one involving only Knebel, had caused Johnson's injury, and therefore Fitzpatrick was not liable.

In support of this contention, Fitzpatrick employed an expert accident reconstructionist, Lindsay. During expert qualifying, Lindsay stated his qualifications as a licensed professional engineer with training and experience in accident reconstruction. Even though Lindsay testified that he had been called upon in previous cases to render his opinion as to which of several automobile collisions had caused an injury, he admitted that he had no training, education, or experience with regard to deducing (1) forces and stresses exerted by an automobile collision on a human body within an automobile, or (2) the damage inflicted by such forces on a human body in an automobile. During expert qualifying, Johnson objected to Lindsay stating an opinion concerning the apportionment of Johnson's injuries as beyond the realm of Lindsay's expertise. Nonetheless, over Johnson's renewed objection, during direct examination Lindsay was allowed to state that in his opinion, the first collision, involving Knebel, in all likelihood caused Johnson's injuries. Lindsay testified that in reaching this opinion, he had relied solely upon photographs that showed the damage to the vehicles caused by the collisions.

On cross-examination, Lindsay testified that his expertise enabled him to examine the physical damage caused to vehicles by a collision, and from that examination, determine the forces and severity of impact. Lindsay admitted, however, that it was impossible for him to state with any degree of professional certainty which, if any, of several impacts caused an injury. Rather, Lindsay testified that his review of the photographs permitted him only to form an opinion as to which impact caused an injury. When asked, Lindsay stated that he could not differentiate between his opinion and the opinion of "the common public" as to which of the two impacts in this case caused Johnson's injury. Lindsay also stated that in forming his opinion that the first impact caused Johnson's injuries, he had not performed any tests or calculations, but rather that his opinion was based solely upon his examination of the photographs of the damaged vehicles. The trial court denied Johnson's motion to strike Lindsay's opinion testimony concerning the cause of Johnson's injury, and the jury returned a verdict finding Knebel liable, and Fitzpatrick not liable.

The Court of Appeals affirmed, ruling that Lindsay's testimony was properly admitted as the opinion of a lay witness:

> Johnson contends Fitzpatrick's expert, Mr. Lindsay, was not qualified to give his opinion as to which of the two collisions

resulted in her injuries. Pretermitting whether the trial court properly allowed Lindsay to testify as an expert on this subject, the record shows he related the facts upon which he based that opinion, including his review of photographs showing the damage to each vehicle. Because even a lay witness may give his opinion so long as he relates the facts upon which he bases that opinion, *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812 (3) (227 SE2d 418) (1976), we find no error here.[1]

Certiorari was granted in order to review this ruling. For the reasons explained below, we reverse.

1. Properly qualified expert witnesses may render an opinion on any matter within their realm of expertise, so long as it is based upon conclusions drawn by the expert that the jury could not ordinarily determine for themselves.[2] Expert opinions may be based upon facts proved by other witnesses.[3] Lay witnesses, however, may state their opinion only when it is based upon their own observations, and a lay opinion is admissible only when it is necessary in order for the witness to convey those same observations to the jury.[4] The opinion of a lay witness is not admissible when all of the facts and circumstances upon which it is based are capable of being clearly defined, so that the jury may readily reach its own opinion therefrom.[5] Thus, the opinions of lay and expert witnesses are admissible under different circumstances, and for different purposes.

We recognize that in certain situations, an expert witness might be capable of rendering a lay opinion. However, before permitting an expert to give lay opinion testimony, the trial court should take precautionary measures to ensure that the expert does not opine on matters outside the scope of her expertise, when she has no personal knowledge of the underlying facts.[6] This can be achieved by carefully evaluating the admissibility of each type of opinion testimony under the standard applicable to it, and taking measures to ensure that the jury understands which portion of the expert's testimony is given as an expert witness, and which portion is given as a lay witness.

---

[1] *Johnson v. Knebel*, 222 Ga. App. 522, 523 (474 SE2d 636) (1996).

[2] *Allison v. State*, 256 Ga. 851, 852 (353 SE2d 805) (1987); *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

[3] OCGA § 24-9-67 (1995).

[4] 138 Ga. App. at 811.

[5] Green, Georgia Law of Evidence, p. 207, § 110 (3rd ed. 1988).

[6] See *Chandler Exterminators v. Morris*, 262 Ga. 257, 258 (416 SE2d 277) (1992) (as to questions lying outside the domain of the science, art, or trade in which expertise exists, expert witnesses are not exempt from the restriction of the rule which requires witnesses to state facts and not opinions).

Similarly, in reviewing the admissibility of opinion testimony, an appellate court must assess the testimony in accordance with the appropriate standard. In reviewing the admissibility of expert opinion testimony, an appellate court must not use the standard assigned to lay opinion, and vice versa. In this case, because Lindsay's testimony was admitted by the trial court as expert opinion, the Court of Appeals erred by judging its admissibility pursuant to the standard appropriate for lay witnesses.

2. Even if Lindsay did testify as a lay witness, his opinion would not have been admissible. In its ruling, the Court of Appeals stated that because Lindsay's opinion that the first of the two impacts caused Johnson's injury was based upon his review of the photographs showing the damage to each vehicle, and because even a lay witness may testify as to his opinion so long as he relates his basis for it, Lindsay's testimony was admissible as lay opinion. In reaching this conclusion, the Court of Appeals relied upon its earlier opinion in *Dual S. Enterprises v. Webb*.[7] However, in relying upon *Webb*, the Court of Appeals failed to fully consider that opinion. When *Webb* is examined in its entirety, it becomes obvious that the Court of Appeals applied the wrong standard for assessing the propriety of lay opinion testimony.

Even though lay witnesses generally are prohibited from expressing their opinion as to the existence of a fact,[8] the *Webb* opinion recognizes the long-standing principle that:

> when the subject matter of an inquiry relates to numerous facts perceived by the [lay witnesses'] *senses*, to a series of instances passing under the *observation* of a witness, or to a variety of circumstances . . . which, under the limitations of language, *cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness*, the witness may state his . . . opinions based upon the facts and circumstances observed by him.[9]

Thus, lay witnesses may relate their opinions as to the existence of a fact, so long as the opinion is based upon the witnesses' own observations, and so long as the witness cannot adequately relate those observations to the jury without also relating a personal opinion formed through such observations.[10]

---

[7] 138 Ga. App., supra.

[8] OCGA § 24-9-65.

[9] (Emphasis supplied.) 138 Ga. App. at 811.

[10] For example, lay witnesses have been permitted to opine on matters such as a person's intoxicated state, an employee's competence, and handwriting identity. See Green, supra, pp. 217-218, § 112.

Even this rule, however, has its limitations. As noted above, it is well established that a lay witness cannot state an opinion where the facts upon which that opinion is based are such that they can be clearly described for the jury, and the jury can rely upon those same facts and reach its own opinion.[11] In other words, the jury, being apprised of the same information as the lay witness, when possible will be allowed to think for itself and draw its own conclusions from such information. Otherwise, by stating an opinion the jury could reach for itself, the lay witness is deemed to have invaded the jury's exclusive province.[12]

In this case, Lindsay testified that he based his opinion that the first impact caused Johnson's injuries upon his study of the photographs of the damaged cars. Those same photographs were admitted into evidence, and thus were before the jury. Thus, due to the photographs' admission into evidence and Lindsay's testimony as to what he observed in those photographs, the entirety of Lindsay's observations upon which he based his opinion were before the jury, and it was not necessary for Lindsay to relate his personal opinion in order to adequately relate that information to the jury.[13]

Furthermore, the jury was entirely apprised of the factual bases for Lindsay's opinion, and was capable of assessing that information for itself, and drawing its own opinions therefrom. Lindsay admitted as much when he testified on cross-examination that nothing differentiated his opinion from that of the "common public." By relaying his opinion as to which of the impacts caused Johnson's leg to be broken, Lindsay invaded the jury's exclusive province. Thus, under the authorities discussed above, even if Lindsay was a lay witness, his lay opinion testimony was not admissible, and the Court of Appeals erred in ruling otherwise.

3. We also find that as an expert witness, Lindsay was not qualified to render an opinion as to which of the two impacts caused Johnson's injury. The opinions of expert witnesses as to questions of science, skill, trade, or other matters beyond the ken of the average layperson are always admissible, and such opinions may be based upon facts proved by other witnesses.[14] However, before being qualified to render an opinion, the expert witness must be qualified as to the relevant area of expertise:

While expert witnesses may give their opinions as to facts,

---

[11] Green, supra; *Tam v. Newsome*, 141 Ga. App. 76 (232 SE2d 613) (1977).

[12] See Rumsey, Agnor's Georgia Evidence, p. 199, § 9-2 (1993).

[13] In reaching this conclusion, we assume without deciding that the issue of which impact caused Johnson's injury was not beyond the ken of the average juror, and thus was an appropriate subject for lay opinion.

[14] OCGA § 24-9-67 (1995).

principles and rules involved in the science in which they are learned, they are not, as to questions lying outside the domain of the science, art, or trade in which they are experts, exempt from the restriction of the rule which requires witnesses to state facts and not opinions.[15]

Our review of the record shows that Lindsay was properly qualified as a licensed professional engineer with expertise in the area of accident reconstruction. That expertise probably enabled him to reconstruct the course and rate of travel, and points of impact of the cars involved in the collisions. From that reconstruction, expert opinions likely could be drawn as to matters such as the approximate distance between cars at the time brakes were applied, and the approximate speeds of travel at the points of impact.

However, in order to possess the expertise required to render an expert opinion as to the proximate cause of physical injuries purported to result from one of two separate automobile collisions, a witness must have had at least some training or experience in deducing the effects of automobile collisions upon human passengers. This in turn requires some degree of expert knowledge in the realms of human physiology and anatomic structure, including biomechanics and osteology. As conceded by Lindsay during voir dire, it also requires some knowledge concerning the structure of the automobile's passenger compartment, and any passenger safety devices used therein, such as passenger restraints, airbags, and reinforced side, front and rear panels. Furthermore, the expert witness must be able to relate the objective means used in applying this expert knowledge to determine that the specified injury to the passenger was caused by particular damage to the automobile.

The record plainly shows that Lindsay altogether lacked the training and experience necessary for him to render an expert opinion as to which of the two impacts injured Johnson. During voir dire, Lindsay admitted that he had no training, education, or experience as to deducing forces and stresses exerted by an automobile collision on a human body within an automobile passenger compartment. The record shows no indication that Lindsay knows anything about human physiology, anatomy, biomechanics or osteology. Nor does the record show that Lindsay is knowledgeable about automobile passenger compartments and their various passenger protection devices. Lindsay also admitted that in forming his opinion that the first impact caused Johnson's injuries, he performed no tests or calculations, but rather simply based his opinion upon his examination of

---

[15] *Morris*, 262 Ga. at 258.

the photographs of the damaged vehicles. Because of his lack of expertise, Lindsay conceded that it was impossible for him to state with any degree of certainty which, if any, of the impacts had caused the injury. Thus, it is clear that Lindsay was not properly qualified to render an expert opinion as to the cause of Johnson's injuries.[16]

Any conceivable doubt as to this conclusion is resolved by Lindsay's unequivocal admission during voir dire that nothing differentiated his opinion from the opinion of "the common public" as to what impact caused Johnson's injury. Expert knowledge is required to render an expert opinion.[17] By admitting that nothing differentiated his opinion from the opinion of the average layperson as to which impact caused Johnson's injury, Lindsay conceded that, due to his lack of expert qualifications, it was inappropriate for him to render an expert opinion on that particular matter.

4. We cannot say that the erroneous admission of Lindsay's opinion did not contribute to the verdict, and thus does not require reversal. Rather, because Lindsay's opinion went to the heart of the jury's apportioning of liability entirely against Knebel, and complete exoneration of Fitzpatrick, Lindsay's opinion likely was a significant factor in the jury's verdict. Therefore, the erroneous admission of the opinion requires that we reverse the Court of Appeals' affirmance of the trial court's judgment.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Sell & Melton, Jeffrey B. Hanson, Mitchel P. House,* for appellant.
*Walker, Hulbert, Gray & Byrd, Michael G. Gray, Jones, Cork & Miller, Robert C. Norman, Jr., Wendell K. Howell,* for appellees.

---

[16] As noted, Lindsay was a trained professional engineer with experience in accident reconstruction. As early as 1964, it was recognized that
> [i]n this modern day of specialized inquiry, the term engineer . . . cannot properly embrace expertise within the meaning of the law in every phase of science. The court cannot accord to those broad terms the requisite "study" and "experience" in every facet of knowledge or assume that every technical problem "lies within the domain" of those callings.

(Citation omitted.) *Southern R. Co. v. Cabe,* 109 Ga. App. 432, 442-443 (136 SE2d 438) (1964).

[17] Rumsey, supra.