## A97A0683. XIONG et al. v. LANKFORD.
### (485 SE2d 534)

RUFFIN, Judge.

Seu and Joua Yang Xiong, the parents of Roger Xiong, brought this wrongful death action against Warren Lankford, who was operating a motor vehicle that struck and killed Roger. The jury returned a verdict in favor of Lankford, and the Xiongs appeal. For reasons which follow, we affirm.

1. The Xiongs enumerate as error the trial court's denial of their motion for judgment notwithstanding the verdict. According to the Xiongs, a j.n.o.v. was mandated because Lankford was negligent in not looking where he was driving and in driving in excess of the posted speed limit at the time of the collision. We disagree.

"Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of [the Xiongs' motions] for . . . new trial and j.n.o.v. will not be disturbed." (Citation and punctuation omitted.) *Southeastern*

*Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 162 (1) (473 SE2d 256) (1996).

In this case, eyewitnesses testified that Roger, a five-year-old boy, was bent over in the roadway at least one foot from the curb, tying his shoe, prior to the impact. When Roger stood up, he was almost immediately struck by Lankford's vehicle. Eyewitness testimony further established that Roger was in the shadow of some overgrown brush from a vacant lot while he was tying his shoe, contributing to Lankford's inability to see Roger until impact. Similarly, Sergeant Anderson, the police officer who investigated the incident, testified that Lankford's view of Roger would have been obstructed by brush existing on a vacant lot close to where the impact occurred. Sergeant Anderson further testified that Lankford's speed at the time of the incident was 25 mph, the posted speed limit. At least one eyewitness also testified that, in his opinion, Lankford was not speeding.

Contrary to the Xiongs' contention, *Thomas v. Kite*, 206 Ga. App. 80 (424 SE2d 305) (1992) does not control. In *Thomas*, the defendant admitted she was not watching where she was going prior to impact, and the court specifically noted that there was no evidence to suggest that the incident was unavoidable. In the present case, Lankford testified that he maneuvered around cars parked on the right side of the roadway, that he reduced his speed when he observed children on the left side of the roadway, and that he was unable to see Roger until the time of impact. Lankford's inability to see Roger was corroborated by Sergeant Anderson and eyewitnesses, who testified that nearby shrubbery obstructed Lankford's vision of Roger. Additionally, there was testimony from three eyewitnesses that if they had been driving, they would have been unable to see Roger in time to avoid striking him.

Due to the conflict in the evidence regarding Lankford's alleged negligence, the trial court properly denied the Xiongs' motion for j.n.o.v. Even if Lankford was negligent to some degree, the jury was authorized to find in his favor. The jury could have concluded that: (1) Roger's negligence in stopping in the roadway and bending over his shoe just beyond a curve where shrubbery obstructed the view of oncoming traffic, or (2) his parents' negligence in permitting a five-year-old boy to walk home from school unsupervised by an adult equaled or exceeded that of Lankford's. OCGA § 51-11-7; see also *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988).

2. In their third, fourth and fifth enumerations of error, the Xiongs assert the trial court erred in admitting opinion testimony of non-expert witnesses in response to hypothetical questions and in denying their motion for new trial on this ground. Specifically, the Xiongs argue that the eyewitnesses should not have been permitted

to testify that, in their opinion, the accident was unavoidable. We disagree.

Under OCGA § 24-9-65, any witness may give his opinion provided a sufficient foundation for the opinion is laid. *American Golf Corp. v. Manley*, 222 Ga. App. 7, 9 (3) (473 SE2d 161) (1996). "A witness in a position to know from his own experience what occurs in the ordinary course of affairs in a given situation should be allowed to testify, the credit to be given it being left to the jury." *Witt v. Robbins*, 163 Ga. App. 182, 184 (2) (292 SE2d 894) (1982). " '[T]he status of the witness[es] as lay or expert would go, not to admissibility, but to credibility.' [Cit.]" *Manley*, supra at 9 (3).

Contrary to the Xiongs' argument, we find that Eric Waller, Shannon Allen and Jeannie Harvey all provided a sufficient basis for their opinions. These witnesses testified that they were very familiar with the area and had driven the same route as Lankford on several occasions.

Waller testified that he had a good view of the road and saw a little boy in the roadway at a point where the road curved. He simultaneously saw Lankford's vehicle approximately five feet from the boy and traveling toward the boy. He also identified the shrubbery that obscured Lankford's view of the boy and testified that Lankford's vehicle was traveling only 25 mph to 30 mph. Waller was then asked the following question: "Mr. Waller, I want you to assume that you were driving down the hill in question under the same lighting conditions as you observed on the day of the accident with the same vegetation on the lot as you described earlier adjacent to where this occurred; came around the curve to the right within the legal speed limit. Do you have an opinion as to whether you would be able to see the child in the same position that you observed on the day of the accident in time to avoid striking the child?" Waller responded that he had an opinion and that his opinion was, "No."

Allen testified that it was sunny and clear on the day in question, although there were shadows from the trees. She saw Roger and Lankford's car almost simultaneously. Allen described the overgrown vegetation on the vacant lot that obstructed a driver's view when traveling in either direction on the road. Allen was asked the same question as Waller, and she, too, testified that a driver would not have been able to see the boy and would not have been able to avoid the accident.

Harvey testified that she saw Roger immediately upon impact. She testified that the weather was sunny on the day in question, with some shadows. She further testified that there was a curve in the road and there was a lot of brush around the curve. According to Harvey, she had driven down the road with the brush as it existed on the day of the incident. She was asked whether a driver traveling in

the same direction as Lankford under the conditions set forth in the hypothetical question would have been able to see the child in the street in order to avoid the incident. She responded, "[b]ecause of the curve and with the brush, and the child was so small, I don't, you know, I don't think that it could have been avoided."

It is well settled that "[d]etermination of whether the witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. [Cit.]" *Doughty v. Simpson*, 190 Ga. App. 718, 720 (2) (380 SE2d 57) (1989); see also *Doughty v. State*, 175 Ga. App. 317, 319 (2) (333 SE2d 402) (1985). " '[T]his decision will not be disturbed absent an abuse of discretion.' [Cit.]" *Commercial Exchange Bank v. Johnson*, 197 Ga. App. 529, 531 (2) (398 SE2d 817) (1990) (physical precedent only). The witnesses at issue stated the bases for their opinions and demonstrated to the satisfaction of the trial court that they had the opportunity for forming opinions. Hence, we find no abuse of discretion in the trial court's admission of the opinion testimony. We likewise find that the trial court did not err in denying the Xiong's motion for new trial on this ground.

Moreover, contrary to the Xiongs' assertion, the witnesses were "questioned not as to [their] opinion on the ultimate issue of negligence, but on whether, in [their] opinion, as an eyewitness and in the given fact situation, there was anything [Lankford] could have done to prevent the [incident]." *Foster v. Morrison*, 177 Ga. App. 250, 252 (5) (339 SE2d 307) (1985). This is a proper line of questioning. Id.

3. In their last enumeration of error, the Xiongs allege that the trial court erred in denying their motion for new trial because the transcript and exhibits were lost or destroyed by the court reporter charged with maintaining their accuracy and safekeeping. Pursuant to OCGA § 5-6-41, the trial court held a hearing during which the parties and the court reviewed proposed narrative transcripts and replacement exhibits. The trial court further determined that a new trial was not demanded. As previously stated, "[a]s long as there is some evidence to support the verdict, the denial of [the Xiongs' motions] for . . . new trial and j.n.o.v. will not be disturbed." *Hotle*, supra at 162. Since the trial court followed the proper procedure in re-creating a narrative transcript to the best of its ability, and since we find some evidence in both the available transcript and the narrative transcript to support the jury's verdict in favor of Lankford, we will not disturb the exercise of the trial court's discretion in denying the Xiongs' motion for new trial on this basis.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

Decided March 25, 1997 —
Reconsideration denied April 9, 1997 —

Before Judge Fuller.
*Graham G. McMurray, G. Clyde Dekle III*, for appellants.
*Goodman, McGuffey, Aust & Lindsey, William P. Claxton, Joseph M. Maguire, Jr.*, for appellee.