## A98A0817. CARNES v. WOODALL.
(505 SE2d 537)

BEASLEY, Judge.

Early one August morning Kenneth Carnes, a professional wheelchair racer, approached an intersection while propelling his wheelchair down a street during training. Betty Jean Woodall was traveling on the intersecting street and stopped her vehicle at the stop sign. When she pulled out, she collided with him because she did not see him.

Carnes sued Woodall for personal injuries and property damage but a jury rejected his claim. Carnes claims error in the admission of opinion testimony and testimony that Woodall did not receive a traffic citation.

1. The investigating officer appeared on the scene within 15 minutes of the accident. At trial he testified to Carnes' dark training outfit, his dark low-profile wheelchair, the road, and the pre-dawn lighting conditions with cloud cover. Woodall asked the officer if, based on his observations, he had an opinion whether Carnes would have been

visible to a driver in Woodall's position. Over objection the officer testified that he did and that "[i]t was almost virtually impossible for Mrs. Woodall to have seen Mr. Carnes."

Last year, the Supreme Court of Georgia synthesized the principles applicable to opinion testimony. "Properly qualified expert witnesses may render an opinion on any matter within their realm of expertise, so long as it is based upon conclusions drawn by the expert that the jury could not ordinarily determine for themselves. Expert opinions may be based upon facts proved by other witnesses. Lay witnesses, however, may state their opinion only when it is based upon their own observations, and a lay opinion is admissible only when it is necessary in order for the witness to convey those same observations to the jury. The opinion of a lay witness is not admissible when all of the facts and circumstances upon which it is based are capable of being clearly defined, so that the jury ·may readily reach its own opinion therefrom. Thus, the opinions of lay and expert witnesses are admissible under different circumstances, and for different purposes. . . .

"[I]n reviewing the admissibility of opinion testimony, an appellate court must assess the testimony in accordance with the appropriate standard. In reviewing the admissibility of expert opinion testimony, an appellate court must not use the standard assigned to lay opinion, and vice-versa."[1]

Woodall did not tender the officer as an expert and phrased the questioning so that it was based only on the officer's personal observations at the scene that morning. The officer was thus testifying as a lay witness.[2]

The Supreme Court reiterated the long-standing principle that "lay witnesses may relate their opinions as to the existence of a fact, so long as the opinion is based upon the witnesses' own observations, and so long as the witness cannot adequately relate those observations to the jury without also relating a personal opinion formed through such observations."[3] This includes observations which "cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness," such as a per-

---

[1] (Footnotes omitted.) *Johnson v. Knebel*, 267 Ga. 853, 855-856 (1) (485 SE2d 451) (1997); see OCGA §§ 24-9-65; 24-9-67.

[2] See *American Golf Corp. v. Manley*, 222 Ga. App. 7, 9 (3) (473 SE2d 161) (1996) (because witness was not offered as expert, his statement of opinion was reviewed under lay witness principles). Cf. *Drummond v. Gladson*, 219 Ga. App. 521, 522 (1) (465 SE2d 687) (1995) (implies that an investigating officer can testify as to his observations and conclusions only as an expert witness) (physical precedent only).

[3] (Footnote omitted.) *Johnson*, 267 Ga. at 856 (2).

son's intoxicated state, an employee's competence, or handwriting identity.[4]

Based on these principles, *Xiong v. Lankford*[5] held that lay witnesses of a car-pedestrian accident could give opinion, based on their personal observations of complex lighting and road and other physical conditions, whether they would have been able to see the victim if they had been driving the car. Visibility was an issue.

*McMichen v. Moattar*[6] held that a lay witness could testify whether the defendant could have avoided the collision. *McMichen* framed the test as whether the opinion is "readily ascertainable from [the witness'] description," or whether the opinion is "an impression drawn from a totality of the circumstances."[7] This determination is for the trial court and will not be disturbed absent an abuse of discretion.[8]

The investigating officer's description of the pre-dawn lighting conditions and cloud cover did not make readily ascertainable whether Carnes in his dark clothing and in his dark low-profile wheelchair was visible to Woodall. Pre-dawn light and cloudiness are complex variables with degrees as to each. They are difficult to describe adequately to give the jury a clear mental picture of visibility. The jury is not able to stand in the same place at the same time to discern visibility themselves. But the disinterested observer on the scene could convey the fact by opinion from a totality of the then-existing circumstances. The court did not abuse its discretion in allowing the officer's opinion even though there were photographs and a videotape of the intersection under similar light conditions.

This conclusion harmonizes with cases holding the investigating officer can testify to his observations and conclusions so long as he does not testify as to who he believed was at fault or caused the accident.[9] That is the ultimate question for the jury to decide.

---

[4] (Citation, punctuation and emphasis omitted.); see id. at fn. 10.

[5] 226 Ga. App. 126, 127-129 (2) (485 SE2d 534) (1997).

[6] 221 Ga. App. 230, 232 (2) (470 SE2d 800) (1996).

[7] Id.

[8] *Xiong*, supra, 226 Ga. App. at 129 (2).

[9] See *Strickland v. Stubbs*, 218 Ga. App. 279, 281 (4) (459 SE2d 473) (1995) ("a party may ask the investigating officer what he observed at the scene of the accident and what he talked to witnesses about, but he may not inquire as to the officer's ultimate opinion concerning fault, whether a citation was issued or there has been final disposition of the citation") (citation omitted); *Emory v. Dobson*, 206 Ga. App. 482, 483-484 (426 SE2d 50) (1992) ("[t]he record reveals the officer was allowed to testify fully about what he observed at the accident scene and to opine based on that evidence about how the collision occurred. The trial court correctly prohibited the officer from opining concerning which party was at fault in the accident"). Compare *McMichen*, supra, 221 Ga. App. at 230-231 (1) (officer, testifying as expert, could not opine as to whether defendant contributed to or caused the accident); *Smith v. Fee*, 197 Ga. App. 483 (398 SE2d 801) (1990) (officer could not testify whether defendant's actions contributed to the accident). See generally *Xpress Cargo Systems v.*

2. Carnes claims that Woodall should not have been permitted to testify she received no traffic citation arising from the collision. Normally such testimony is inadmissible.[10] Carnes immediately objected, and the court twice gave curative instructions to the jury to disregard the testimony.

"The issue is not properly before us because [Carnes] failed to renew his objection or move for a mistrial after the trial court's curative instruction was given."[11] Carnes concedes on appeal he purposely did not ask for a mistrial because of the delay that would result. His tactic precludes consideration of a new trial at this far later stage.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 10, 1998.

*Webb & Lindsey, Eric K. Maxwell*, for appellant.
*Cooper & Avery, Gary M. Cooper, Ernest R. Bennett, Jr.*, for appellee.

---

*McMath*, 225 Ga. App. 32, 33 (2) (b) (481 SE2d 885) (1997) (doctor could testify to plaintiff's visual impairment but could not testify to whether her vision was so impaired she could not drive safely).

[10] See *Strickland*, supra, 218 Ga. App. at 281 (4); *Emory*, supra, 206 Ga. App. at 483.

[11] (Citation omitted.) *Jones v. State*, 265 Ga. 84, 86-87 (5) (453 SE2d 716) (1995); see *Weeks v. State*, 268 Ga. 515, 516 (2) (491 SE2d 325) (1997) ("[I]f the trial court's curative instructions were not sufficient, defendant should have sought additional relief. Absent any such motion or request by defendant . . . [no harm]"); *Daniel v. State*, 224 Ga. App. 673, 676 (6) (482 SE2d 409) (1997) (failure to request further instructions or to renew objection waives issue for appellate review).