A99A1436. CITY OF ATLANTA BOARD OF ZONING ADJUSTMENT et al. v. KELLY.
(520 SE2d 269)

Judge Harold R. Banke.

The City of Atlanta Board of Zoning Adjustment and its members (collectively "BZA") appeal the entry of default judgment which reversed the BZA's denial of a variance to homeowner Scott Kelly.

The underlying case arose after Kelly commenced work on a construction project involving a new carport and breezeway, which encroached beyond the required rear and side yard setbacks. Although the applicable zoning ordinance mandated a seven-foot side yard setback and a ten-foot rear yard setback, Kelly planned to reduce the side yard setback from seven to two feet and the rear yard setback from ten to seven feet. Kelly obtained a building permit but failed to obtain a variance.[1] When Kelly applied for a variance, his application encountered opposition from the Neighborhood Planning Unit and the adjacent neighbor most impacted by the changes. While construction was underway without the needed variance, on October 31, 1997, a City official instructed Kelly's contractor to cease work.

After Kelly sought a variance, the City's Bureau of Planning determined that his request for the side yard variance failed to satisfy any of the four criteria for granting a variance under City Code § 16-26.003. Specifically, the planning staff found that Kelly failed to show exceptional conditions based on size, shape or topography, or any unnecessary hardship or any peculiar conditions. It also decided that the requested variance to reduce the side yard setback was

---

[1] The building permit provides in pertinent part, "THE APPROVAL OF PLANS SHALL NOT PREVENT THE BUILDING OFFICIAL FROM THEREAFTER . . . PREVENTING BUILDING OPERATIONS BEING CARRIED ON THEREUNDER WHEN IN VIOLATION OF THE BUILDING CODE ZONING ORDINANCE OR ANY OTHER ORDINANCE OF THE CITY OF ATLANTA."

"inconsistent with the intent of the Zoning Ordinance." The staff determined that the dimensions and topography of the property could adequately accommodate a carport with storage without necessitating a variance.

After conducting a hearing on Kelly's request for a variance, the BZA determined that his request should be granted as to the rear yard setback, which was unopposed by the Bureau of Planning, but denied as to the side yard setback which was opposed by the Bureau's staff because of the drastic impact it had on the adjacent neighbor's property.

Within 30 days of that decision, Kelly filed a petition for relief in superior court. But due to an administrative oversight, the Bureau of Planning did not deliver a copy of Kelly's appeal to the BZA's counsel until nearly two months later. When the BZA did not file a response within the time allotted by the Civil Practice Act, Kelly moved for judgment by default. About three weeks later, the BZA filed a response to Kelly's petition and to his motion for default. After a hearing, the trial court entered default judgment in favor of Kelly and reversed the BZA decision. In specifically permitting the side yard variance to only a two-foot setback, the court noted that it "would have granted Mr. Kelly's requested relief based on the merits of his Petition and the record in this case."[2] BZA appeals. *Held*:

1. The BZA contends that the trial court erred in concluding that default judgment could be entered because it did not file a timely response to Kelly's appeal. The BZA further claims that the City's ordinance which sets up the procedure for appeals does not require that an answer be filed and that the time constraints imposed by the Civil Practice Act did not apply.

When granting a variance, a board of zoning appeals must consider whether the facts in the particular situation warrant relief from the general zoning ordinance under the standards set out by the delegating authority. *Bentley v. Chastain*, 242 Ga. 348, 349, n. 4 (249 SE2d 38) (1978); see *Jackson v. Spalding County*, 265 Ga. 792, 794 (2) (462 SE2d 361) (1995). Here, the BZA conducted a hearing, examined the evidence, and found that part of Kelly's application did not satisfy the criteria for granting a variance. Kelly then filed a petition for review by the superior court. The appellate process required the BZA to provide a certified copy of the transcript, evidence, and

---

[2] At the BZA hearing, Kelly reduced his request to a five-foot setback and assured the members of the board, "[a]nd I won't over step five feet." Notwithstanding this reassurance, the BZA voted unanimously to reject the five-foot request because it did not meet the criteria for a variance.

the decision for review by the superior court.[3] See *Southern States Landfill v. City of Atlanta Bd. of Zoning Adjustment*, 261 Ga. 759, 760 (2) (410 SE2d 721) (1991) (which involved City Code § 16-26.007 (1)). This was done by the BZA. Nothing in the ordinance required the BZA to file a response to Kelly's appeal. At this point, review by the superior court was limited to whether the BZA (1) acted beyond the scope of its discretionary powers; (2) abused its discretion; (3) or acted in an arbitrary or capricious manner. *Jackson*, 265 Ga. at 794 (3). Thus, the sole function of the reviewing court was to determine (1) whether there was any evidence to support the findings of the BZA and (2) whether the BZA had abused its discretion. *Hewes v. Cooler*, 169 Ga. App. 762 (315 SE2d 276) (1984).

But here, notwithstanding the fact that an appealable decision had been rendered by the BZA, the court imposed judgment by default and decided the merits. This procedure was unavailable and inappropriate. See *Bentley*, 242 Ga. at 351-352 (1) (courts are not empowered to readjudicate decision by zoning board of appeals). The merits of the action had already been determined at the hearing held by the BZA. *LaFave v. City of Atlanta*, 258 Ga. 631, 632 (4) (373 SE2d 212) (1988).

On remand, unless Kelly proves that the BZA exceeded its discretionary powers or acted arbitrarily and capriciously, the decision of the BZA must be affirmed. *Jackson*, 265 Ga. at 794 (2); *City of Atlanta Bd. of Zoning Adjustment v. Midtown North*, 257 Ga. 496, 499 (4) (360 SE2d 569) (1987).

2. In light of the above holding, the remaining enumeration is now moot.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 30, 1999.

*David D. Blum, Lemuel H. Ward, Michael H. Hilliard*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Tracy M. Culver, Carl E. Westmoreland, Jr., Kirwan, Parks, Chesin & Miller, Larry Chesin*, for appellee.

---

[3] *"Notice to Board*: Upon such filing, the clerk of the superior court shall give immediate notice thereof to the secretary of the board. Within the time prescribed by law, the board shall cause to be filed with said clerk a duly certified copy of the proceedings had before the board, including a transcript of the evidence heard before it, if any, and the decision of the board." City Code § 16-26.007 (2).