A03A0412. ENGLISH v. CITY OF MACON.
(577 SE2d 837)

ELDRIDGE, Judge.

The instant appeal arises out of the Superior Court of Bibb County's grant of summary judgment to appellee-defendant, City of Macon, upon a suit for personal injuries filed by appellant-plaintiff, Barbara English, after she tripped and fell on an uneven Macon sidewalk covered with pear tree blossoms as she walked to lunch. English appeals, contending that the grant of summary judgment was error for the City's failure to support its motion for summary judgment by evidence of sidewalk inspections establishing that it lacked actual or constructive knowledge of the hazard in issue. See *Deal v. Children's World Learning Centers*, 235 Ga. App. 236, 238 (2) (509 SE2d 134) (1998) ("In support of a summary judgment motion, the defendant in a slip-and-fall [or trip and fall] action still bears the onus of establishing the nonexistence of every material fact, namely, disproving its actual knowledge and pointing out the absence of evidence [showing] its constructive knowledge of the alleged hazard.") (citations and punctuation omitted). Finding implied knowledge of the hazard in the City, we reverse. *Held*:

OCGA § 32-4-93 (a) provides municipalities relief from liability for negligence in maintaining its buildings, streets, and sidewalks in

the absence of actual notice of a defect therein or for want of the passage of sufficient time to warrant such an inference upon the exercise of ordinary care. *Godinho v. City of Tybee Island*, 231 Ga. App. 377, 378-379 (2) (499 SE2d 389) (1998), rev'd on other grounds, *City of Tybee Island v. Godinho*, 270 Ga. 567 (511 SE2d 517) (1999); *Brumbelow v. City of Rome*, 215 Ga. App. 321 (450 SE2d 345) (1994). However,

> [w]here an injury is caused by the act of a person, acting under the authority of a municipality, in [making a repair to a sidewalk or in failing to take appropriate safety measures ancillary thereto] so as to render reasonably safe the use of the sidewalk . . . by one having a right to use the same, the municipality is chargeable with knowledge thereof, and no notice to it need be shown, such notice being necessarily implied, as the acts of its agent[s] are the acts of the municipality. [Cits.]

*City of Rome v. Stone*, 46 Ga. App. 259, 260-261 (5) (a) (167 SE 325) (1933); compare *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 759 (3) (456 SE2d 93) (1995) (landlord conclusively presumed to have actual knowledge of construction defect or repair for which he or his agent responsible); *Howell Gas of Athens, Inc. v. Coile*, 112 Ga. App. 732, 737 (1) (a) (146 SE2d 145) (1965) ("[T]he landlord may be held [liable] if injury results from a defect in construction and it appears that the improvement was built or installed by him or under his direction, for in that event he is conclusively presumed to know of the defect, or from failure to repair.") (citations omitted), citing *Dobbs v. Noble*, 55 Ga. App. 201, 203 (3) (189 SE 694) (1937).

Here, English asserted that her fall was caused by "uneven surfaces of the sidewalk"; that "uneven surfaces of the sidewalk were present and maintained due to the negligence of one or more of the [City's] employees"; and that "the [City's] employees knew or should have known of the dangerous condition of the sidewalk."

In support of its motion for summary judgment, the City tendered the affidavit of its Director of Public Works, Dexter White. White testified only that he was responsible for the maintenance of the City's sidewalks and that he had no record of complaint or report of defect as to the area of the sidewalk on which English fell. English, however, deposed that she had been walking over the sidewalk which she complains of as uneven an average of five times a week for three years; that she had most recently walked over that section of the sidewalk two or three days before her fall; that the alleged sidewalk defect resulted from City repairs to the sidewalk which left newly

poured concrete lower than the pre-existing concrete immediately adjacent to it; that she believed the repairs to the sidewalk had not been done "much ahead" of her fall because she had not previously noticed them; and that she had been unable to see the alleged elevational defect in the sidewalk for pear tree blossoms covering the sidewalk after a rain.[1]

> In general, negligence issues are susceptible to summary adjudication only in plain, palpable and indisputable cases; the evidence must be construed most favorably to the party opposing the motion, and he [or she] must be given the benefit of all favorable inferences and reasonable doubts. . . . Summary judgment may be granted only where, construing all inferences [and reasonable doubts] against the movant, it yet appears without dispute that the case can have but one outcome and that outcome must be in the movant's favor. *Sykes v. Colony Regency Partners*, 226 Ga. App. 804, 806 (487 SE2d 408) (1997).

(Punctuation omitted.) *Godinho v. City of Tybee Island*, supra at 379 (2). Here, the pleadings are sufficient to raise the inference that the City, having "repaired" the sidewalk, had implied knowledge of the defect therein. *City of Rome v. Stone*, supra. "The City failed to meet its burden on summary judgment to negate such inference. *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 4 (432 SE2d 230) (1993)." *Godinho v. City of Tybee Island*, supra at 380. Notably, by its expert's affidavit, the City denied neither a recent repair to the sidewalk nor that such repair left the sidewalk uneven. That a jury question thus exists as to whether the City exercised ordinary care in maintaining its sidewalks safe, summary judgment for the City was error, requiring reversal.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2003 —
RECONSIDERATION DENIED FEBRUARY 19, 2003 — 

*Grist & Brock, Joel M. Grist, Jr.*, for appellant.
*Groover & Childs, Duke R. Groover*, for appellee.

---

[1] While the foregoing deposition testimony does not directly address the nature of the transition between the new and old portions of the sidewalk, viewing the evidence in the light most favorable to the nonmovant, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), it may be fairly inferred that the elevation differential was vertical rather than gradual – this given English's testimony indicating that she "tripped" and fell.