## A03A2011. EDGE et al. v. FUGATT et al.
(589 SE2d 845)

ANDREWS, Presiding Judge.

Velvetta Edge and Sammie Durham sued John Fugatt and Longoria Trucking[1] for damages incurred when Edge's vehicle was allegedly forced off the road and into a ditch by a collision between a dump truck driven by Fugatt and a tractor-trailer truck. After a trial, the jury returned a verdict for defendants Fugatt and Longoria Trucking. On appeal, plaintiffs Edge and Durham claim the trial court erred in (1) permitting cross-examination of Edge concerning her Social Security disability benefits, (2) allowing cross-examination of Durham about the accident scene, and (3) allowing witness William Patterson to give inadmissible hearsay testimony. We disagree and affirm.

1. Edge and Durham claim the trial court erroneously allowed Fugatt and Longoria Trucking to cross-examine Edge regarding her Social Security disability benefits. We disagree.

While cross-examining Edge, defendants' attorney asked her,

---

[1] Two other initial defendants were later dismissed without prejudice.

"Am I correct that you're presently on Social Security disability?" When Edge answered in the affirmative, her counsel objected. After a discussion off the record, the trial court asked the jury to leave the courtroom and then heard arguments from counsel as to whether Edge's Social Security disability benefits were impermissible evidence of a collateral source. See *Olariu v. Marrero*, 248 Ga. App. 824, 825 (549 SE2d 121) (2001) (physical precedent only) (Georgia law prohibits presentation to the jury of payment of damages by a collateral source). The trial court ultimately sustained the objection. Edge and Durham's counsel asked for curative instructions, and the trial court charged the jury that they should not consider whether Edge received Social Security disability benefits. Edge and Durham's counsel did not renew his objection or ask for a mistrial after the trial court gave the curative instructions. Accordingly, Edge and Durham acquiesced to the curative steps taken by the trial court and have waived the issue on appeal. See *Sunflower Properties v. Yocum*, 261 Ga. App. 142, 144 (2) (581 SE2d 648) (2003).

2. Edge and Durham claim the trial court erroneously allowed Durham to give improper expert testimony about the accident scene on cross-examination by defense counsel. We disagree.

Defense counsel asked Durham how Edge's vehicle could go into the ditch by the side of the road without impacting the bank. After objection by counsel for Edge and Durham, the trial court allowed the question. Edge and Durham contend that the trial court improperly allowed a lay witness to give expert testimony by allowing Durham to answer. See, e.g., *Johnson v. Knebel*, 267 Ga. 853, 855-856 (1) (485 SE2d 451) (1997) (lay witnesses may state their opinions only when based on their own observations). However, Durham was personally familiar with the road and adjacent embankment where the incident occurred. "It is well settled that determination of whether the witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. This decision will not be disturbed absent an abuse of discretion." (Citations and punctuation omitted.) *Xiong v. Lankford*, 226 Ga. App. 126, 129 (2) (485 SE2d 534) (1997). Furthermore, "[a] witness in a position to know from his own experience what occurs in the ordinary course of affairs in a given situation should be allowed to testify, the credit to be given it being left to the jury." (Citation and punctuation omitted.) Id. at 128. We cannot say that the trial court abused its discretion in allowing Durham to testify about the accident scene.

3. Edge and Durham claim the trial court erred by allowing witness Patterson to give inadmissible hearsay testimony regarding an accident report. Again, we disagree.

Patterson was an expert in the field of accident reconstruction

who was called for direct examination by Edge and Durham. On cross-examination, Patterson testified that he calculated the speed of the dump truck involved in the incident based on the length of the skid marks as reported by a police officer in an accident report. When defense counsel showed the accident report to Patterson, counsel for Edge and Durham objected to the introduction of the report. Defense counsel told the trial court that he was not introducing the accident report into evidence but maintained that he had the right to question Patterson about the report. After discussion among counsel and the trial court, the accident report was not introduced into evidence, counsel for Edge and Durham admitted that defense counsel could question Patterson about what Patterson reviewed in the accident report, and the trial court allowed counsel for Edge and Durham to make a continuing objection with regard to the introduction of hearsay evidence from the accident report. Defense counsel then resumed cross-examination of Patterson.

Edge and Durham claim that the trial court erroneously allowed Patterson to give hearsay testimony about the contents of the accident report; however, they neglect to show us where this occurred by reference to the transcript. See Court of Appeals Rule 27 (c) (3). Our own review of Patterson's testimony on cross-examination shows that he testified to portions of the accident report, such as the length of the skid marks, which were personally observed by the reporting officer. This officer eventually did testify and was available for cross-examination about the accident report. See, e.g., *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) (purpose of hearsay rule satisfied where declarant is in court and available for cross-examination). We find no impermissible introduction of hearsay through defense counsel's cross-examination of Patterson.

Edge and Durham also argue that Patterson could not base his opinion on the accident report because the report was not in evidence. "[G]enerally, an expert's opinion cannot be stated upon facts or reports which are not admitted in evidence." (Citations and punctuation omitted.) *Morrison v. Koornick*, 201 Ga. App. 367, 369 (1) (411 SE2d 105) (1991). Compare *Coleman v. Fortner*, 260 Ga. App. 373, 376 (2) (579 SE2d 792) (2003) (an expert may rely on the reports of others in formulating his opinions). But Patterson was a witness for Edge and Durham. When counsel for Edge and Durham questioned Patterson on direct and solicited Patterson's expert opinion about the accident, counsel for Edge and Durham never objected to Patterson's opinion being based on information contained in the accident report. We find no error by the trial court with regard to this issue.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED NOVEMBER 6, 2003.

*Graylin C. Ward*, for appellants.

*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy, Paul D. Ivey, Jr.*, for appellees.