A04A0939. GENERAL PIPELINE COMPANY v. HARDIN.

(600 SE2d 427)

BARNES, Judge.

Cheryl Hardin sued General Pipeline Company and Eberhardt-Grantham Contracting Company after she broke her ankle when she fell into a hole in an area where the company had replaced a gas main line. Both companies answered and, after discovery, General Pipeline moved for summary judgment. The trial court denied the motion and granted a certificate of immediate review. This court granted General Pipeline's application for an interlocutory appeal. The company argues on appeal that the trial court erred in denying its motion for summary judgment. For the reasons that follow, we affirm the trial court's order.

"On appeal we review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in a light most favorable to the nonmoving party, demonstrates a genuine issue of material fact. Summary judgment is proper only when there is no

---

issue of material fact and the moving party is entitled to judgment as a matter of law." (Footnotes omitted.) *Preferred Real Estate Equities v. Housing Systems*, 248 Ga. App. 745 (548 SE2d 646) (2001).

So viewed, the evidence shows that on July 7, 2002, Hardin walked across the sidewalk to cross Church Street in front of her rental house in Decatur. She looked down, saw wheat straw covering what appeared to be level ground, and took a step. Her foot became stuck in a hole while her body continued moving forward and fell into Church Street, dislocating and breaking her ankle. The hole was approximately ten to twelve inches wide and deep enough that Hardin's foot became lodged in it.

The evidence also shows that General Pipeline installs gas pipe for Atlanta Gas Light Company. In April and May 2002, General Pipeline worked on a project in Decatur at the intersection of Church Street and Lucerne Street that involved replacing bare steel gas main pipes, buried five feet deep, with plastic pipes, buried three feet deep. To accomplish this task, General Pipeline crews had to remove portions of the sidewalk, dig to the existing pipe, bore sideways to install and connect the new pipe, then backfill and tamp the dirt once the pipes were connected so the ground is level with the sidewalk. After the crew filled and compacted the hole, they covered the area with grass seed and wheat straw to prevent erosion. Once the area has seed and straw over it, no one from General Pipeline ever checks the site again.

General Pipeline then measured the sidewalk area that needed replacing and another contractor, Eberhardt-Grantham Contracting Company, poured and finished the concrete on the site. To prepare the site, Eberhardt-Grantham crews excavated two to three inches below the area where the new concrete would be poured and an additional inch on each side for the forms, which the crew removed the day after pouring the concrete. Eberhardt-Grantham's second vice-president testified that he could think of no reason for his crew to have dug between the sidewalk and curb.

Hardin's landlord testified that he inspected the property some time in June, noticed the new concrete on the sidewalk, and then saw that his lawn looked "extremely rough" next to the sidewalk, with "terrible, large aggregate, rocks, . . . voids in the soil, no grass, dirt." Between the sidewalk and curb was wheat straw. When he looked down he saw "voids in the dirt, . . . depressions, sinkholes, rat holes," so he asked his wife to report the problem to someone working for the city of Decatur. His wife said she spoke with the city engineer, and the landlord called the engineer again on June 27, because the voids in the dirt looked "like a safety issue" to him. The landlord told the engineer that someone needed to go inspect the condition of the earth and surrounding area by his property, which the engineer said he

would have someone do. On July 8, the day after Hardin's fall, the landlord received a voicemail from the engineer saying someone had fixed the sidewalk area.

An expert submitted an affidavit for Hardin. He testified that he had been involved in the construction industry for more than 25 years, including the installation and replacement of utility lines, and was familiar with the standard of care required of a contractor responsible for "properly backfilling and otherwise restoring to a safe condition an area where a gas pipeline has been installed or replaced." He reviewed photographs of the hole that caused Hardin's fall, and in his opinion, General Pipeline crews did not properly backfill and compact the area, because if they had, the hole demonstrated in the photograph "simply could not have developed. In fact, proper backfilling and compaction as described above would have prevented the formation of such a hole." The expert also said that, in his opinion, General Pipeline knew or should have known through careful inspection that the area had not been properly backfilled, and further, once the wheat straw was placed over the hole, it would appear to be solid ground to someone walking in the area.

Based on this evidence, the trial court concluded that General Pipeline was not entitled to summary judgment, because genuine issues of material fact exist for determination by a jury. General Pipeline argues on appeal that Hardin has failed to establish that the company had actual or constructive knowledge of the hidden hole that caused Hardin's fall, and Hardin responds that General Pipeline had constructive knowledge because it caused the hole to appear and then covered it up.

> In general, negligence issues are susceptible to summary adjudication only in plain, palpable and indisputable cases; the evidence must be construed most favorably to the party opposing the motion, and he or she must be given the benefit of all favorable inferences and reasonable doubts. Summary judgment may be granted only where, construing all inferences and reasonable doubts against the movant, it yet appears without dispute that the case can have but one outcome and that outcome must be in the movant's favor.

(Citation and punctuation omitted.) *English v. City of Macon*, 259 Ga. App. 766, 768 (577 SE2d 837) (2003).

While General Pipeline argues that Hardin failed to prove that the company had actual or constructive knowledge of the existence of the holes, if the holes were caused by its employees' inadequate compaction of the soil, the company clearly had constructive knowledge of the problem. General Pipeline further contends it was entitled

to summary judgment because Hardin failed to rebut its foreman's testimony that he did his job correctly. But almost every employee in a negligence case against his company will testify that he performed his job the way he should have. That evidence does not establish the lack of a jury issue where the plaintiff has also submitted evidence that the job was not performed properly. In this case, General Pipeline never looked at the property after it finished the job, the sidewalk contractor did not excavate in the area where Hardin fell, Hardin's landlord reported "voids" in the dirt because he worried someone would be hurt, Hardin testified that she stepped on what appeared to be level ground into a hole hidden by wheat straw, and Hardin's expert testified that, in his opinion, General Pipeline employees failed to compact the dirt properly as they filled in the hole they dug, causing the dirt to settle unevenly.

Construing the evidence with all inferences in Hardin's favor, as we must, we conclude that the trial court did not err in denying General Pipeline's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 19, 2004.

*Hall, Booth, Smith & Slover, Roger G. Martin, Brandi M. Kellis,* for appellant.

*McLaughlin, Herndon, Miller & Croy, James Charles McLaughlin, Jr., Ralph E. Hughes,* for appellee.