A04A1786. LAYFIELD v. DEPARTMENT OF TRANSPORTATION et al.

(640 SE2d 618)

BLACKBURN, Presiding Judge.

This is the second appearance of this appeal in this Court. See *Layfield v. Dept. of Transp.*[1] (*"Layfield I"*). As set forth in *Layfield I*, Carol Layfield as guardian of Michael Layfield has appealed the grant of summary judgment to the Department of Transportation (DOT) and to Everett Dykes Grassing Company (Dykes) on her complaint alleging negligence in the construction and resurfacing of a road where Michael lost control of his vehicle in a rainstorm and crashed into a tree. Because Michael could not remember the events associated with the accident, and because we held in *Layfield I* that plaintiff's expert's testimony as to causation was based on speculation, we concluded in *Layfield I* that no competent evidence supported the allegation that the water depth on the road caused the accident. Finding no evidence of proximate cause, we affirmed the grant of summary judgment to the defendants. Id. at 811.

In *Layfield v. Dept. of Transp.*[2] (*"Layfield II"*), the Supreme Court of Georgia reversed the judgment of this Court in *Layfield I*. The Supreme Court held that the plaintiff's expert's testimony as to causation was not speculative and that therefore the element of causation was sufficiently shown to withstand summary judgment.

---

[1] *Layfield v. Dept. of Transp.*, 271 Ga. App. 806 (611 SE2d 56) (2005).
[2] *Layfield v. Dept. of Transp.*, 280 Ga. 848 (632 SE2d 135) (2006).

Accordingly, we vacate our earlier opinion and adopt the opinion of the Supreme Court as our own.

Nevertheless, the Supreme Court has remanded the case with direction, instructing this Court to consider any alternative grounds set forth by the trial court for granting the motions for summary judgment. The two alternative grounds specified by the trial court were that no competent evidence showed that there were any defects in the roadway at issue and that the DOT's acceptance of the paving project exonerated Dykes. Pursuant to the direction of the Supreme Court, we will now consider these alternative grounds. In doing so, we follow the well-known principle that summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. See *Matjoulis v. Integon Gen. Ins. Corp.*[3] We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant. Id.

1. The first alternative ground is that no evidence showed the roadway at issue was defective. The trial court focused on the lack of credentials of the plaintiff's expert regarding his ability to evaluate the micro-surfacing techniques followed by Dykes on the roadway. This approach, however, ignores the other evidence showing negligence by DOT and Dykes.

Regarding DOT's direct negligence, plaintiff presented evidence that the original construction of the road by DOT was flawed in that the road was not "super elevated" as provided in the original plans and by applicable engineering standards. Such "super elevation" would create a sufficient slope in the road to allow for proper drainage. The subsequent micro-surfacing by Dykes was not designed to add elevation to the road but simply to add a textured sealant that smoothed out the road. The lack of elevation would contribute to the accumulation of water on the road that (per plaintiff's expert's testimony, which *Layfield II* held was sufficient) caused Michael's accident.

Regarding Dykes's negligence, plaintiff presented evidence that prior to the micro-surfacing of the road, water had not accumulated on the portion of the roadway in question. Plaintiff presented photographs and testimony that Dykes's workmanship in micro-surfacing the road was negligent in that it left an irregular or trough-filled undulating surface with a ridge in the roadway and thus caused the portion of the roadway in question to retain and accumulate water. Indeed, testimony showed that during periods of heavy rainfall,

---

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

water would not run off the paving but would run down the roadway parallel to and underneath the traffic, reaching depths of two inches on the roadway.

This evidence showing negligence by DOT and Dykes came primarily from the mouths of DOT, Dykes, and lay witnesses and only partially from plaintiff's expert witness (based on his review of the relevant documents). For example, Dykes's own witness testified that proper micro-surfacing would "smooth out" a road. Here, however, evidence showed irregularities and troughs in the paving that resulted from Dykes's micro-surfacing techniques and which caused for the first time the accumulation of substantial amounts of water on the roadway. Thus, the lack of expertise of plaintiff's expert in micro-surfacing does not diminish the other significant evidence showing objective defects in the roadway that could only result from negligent micro-surfacing. See *Edge v. Fugatt*[4] (lay witnesses may give opinions or relate observations based on familiarity with the area); *Xiong v. Lankford*[5] (same). The testimony from defense witnesses that Dykes properly performed its duties raises nothing more than a question of fact; it does not authorize summary judgment. See *Gen. Pipeline Co. v. Hardin.*[6]

2. The other alternative ground set forth by the trial court was that under *David Allen Co. v. Benton*,[7] DOT's acceptance of the project exonerated Dykes from liability. *David Allen Co.* held:

> [W]here a contractor who does not hold itself out as an expert in the design of work such as that involved in the controversy, performs its work without negligence, and the work is approved and accepted by the owner or the one who contracted for the work on the owner's behalf, the contractor is not liable for injuries resulting from the defective design of the work.

Id. at 558.

Some evidence showed that DOT did not finally accept and approve Dykes's work on the project (and did not take over maintenance of the project) until December 5, 2001, some four months after the August 2001 accident in question. Significantly, during those four months DOT repaved the road to meet proper elevation and drainage standards. Although Dykes presented evidence that DOT accepted

---

[4] *Edge v. Fugatt*, 264 Ga. App. 28, 29 (2) (589 SE2d 845) (2003).

[5] *Xiong v. Lankford*, 226 Ga. App. 126, 128 (2) (485 SE2d 534) (1997).

[6] *Gen. Pipeline Co. v. Hardin*, 267 Ga. App. 495, 497-498 (600 SE2d 427) (2004).

[7] *David Allen Co. v. Benton*, 260 Ga. 557 (398 SE2d 191) (1990).

the project in June 2001 before the accident, this merely raised an issue of fact to be decided at trial by the finder of fact.

Accordingly, we reverse the grant of summary judgment to defendants.

*Judgment reversed. Ruffin, C. J., Andrews, P. J., Barnes, Mikell, Adams and Bernes, JJ., concur.*

DECIDED NOVEMBER 27, 2006 —
RECONSIDERATION DENIED JANUARY 3, 2007 — 

*Vansant & Corriere, Alfred N. Corriere,* for appellant.

*Thurbert E. Baker, Attorney General, Reagan W. Dean, Assistant Attorney General, Finley & Buckley, Timothy J. Buckley III, Kelly R. Webb, Carolyn E. Wright,* for appellees.

