A10A1997. CITY OF ATLANTA et al. v. STARSHIP
ENTERPRISES OF ATLANTA, INC.
(708 SE2d 538)

SMITH, Presiding Judge.

We granted a discretionary appeal in this case to the City of Atlanta ("the city") and the City Board of Zoning Adjustment ("the board") to review the trial court's order reversing the decision of the board and reinstating a building permit initially granted to Starship Enterprises of Atlanta, Inc. ("Starship"), but later revoked. The trial court incorrectly held that no evidence supported the board's finding of an intervening use that terminated the legal nonconforming use of the property at issue, and accordingly erred when it reinstated the building permit on that ground. We therefore reverse.

Starship sought to operate an adult business[1] on premises formerly occupied by another adult business as a nonconforming or "grandfathered" use. The city first issued and then revoked a building permit, contending that under Atlanta Code of Ordinances § 16-24.005 (4), the nonconforming use was superseded by a permit-

---

[1] "Adult businesses" are defined in Atlanta Code of Ordinances § 16-29.001 (3).

ted use, a used furniture store, and could not be resumed. The board affirmed, and Starship appealed to the superior court, which found that the permit had been wrongfully revoked and ordered the city to reinstate it. This appeal followed.

1. The board first complains that the trial court applied the wrong standard of review, weighing the evidence instead of determining whether any evidence supported the board's decision. While it recited some of Starship's evidence at considerable length, the trial court expressly adopted the correct standard of review, observing, "[T]he 'any evidence' standard applies to this Court's review of the administrative decision of the City Board of Adjustment." "[T]he sole function of the reviewing court was to determine (1) whether there was any evidence to support the findings of the [board] and (2) whether the [board] had abused its discretion. [Cit.]" *City of Atlanta Bd. of Zoning Adjustment v. Kelly*, 238 Ga. App. 799, 801 (1) (520 SE2d 269) (1999).

2. The trial court erred, however, in its application of the standard, by incorrectly concluding that the board provided "no evidence at all" in support of its finding of an intervening use. *Any* evidence is sufficient to support the decision of the local governing body. See *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 859-860 (2) (572 SE2d 530) (2002); *Emory Univ. v. Levitas*, 260 Ga. 894, 897-898 (1) (401 SE2d 691) (1991).

The evidence showed that the previous tenant had operated a lingerie modeling business at the location beginning in 1991. In 2007, the owner requested that the original business license be cancelled. Local residents testified that the lingerie modeling business ceased operations some time in the summer of 2007, and the signs advertising the business and the blinds covering the windows were removed. At the same time the residents observed new signs reading "USED FURNITURE," including a large illuminated sign on a pole near the roadway. One local resident testified that he observed the "USED FURNITURE" signs for a period of at least six months, and "did see driving past what appeared to be commerce going on at that location." He elaborated that he observed "[p]eople coming and going from the site as opposed to the site closed and shuttered with no activity."

This evidence was circumstantial, but the evidence presented by Starship was likewise circumstantial, as it presented no testimony from anyone with direct personal knowledge of the use of the building during the time in question. See *Douglas v. Gilbert*, 195 Ga. App. 796, 798 (395 SE2d 9) (1990) (direct versus circumstantial evidence). Neither the previous tenant's principal nor any other

representative of that tenant testified.[2] The testimony regarding the removal of the old signs and blinds, the installation of new signs, and "what appeared to be commerce going on at that location" for a period of approximately six months, constitutes some evidence of an intervening permitted use and satisfies the "any evidence" standard. The trial court's judgment therefore must be reversed.

3. In light of our holding in Division 2 of this opinion, we do not reach the remaining enumeration of error.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 16, 2011 —
RECONSIDERATION DENIED MARCH 24, 2011 —

*Jeffrey S. Haymore, Lemuel H. Ward*, for appellants.
*Begner & Begner, Alan I. Begner, Cory G. Begner, Meta T. Dama*, for appellee.

---

[2] The property owner testified before the board that the previous tenant's principal, Gambill, made certain verbal representations to him regarding his use of the property after his adult business closed, stating that Gambill informed him that he was not operating a furniture business but simply trying to sell the fixtures from the closed business. Since Gambill did not testify and apparently was not available, this testimony is inadmissible hearsay and lacks probative value, even if no objection is raised. *In the Interest of E. C.*, 271 Ga. App. 133, 135 (1) (609 SE2d 381) (2004). Compare *Edge v. Fugatt*, 264 Ga. App. 28, 30 (3) (589 SE2d 845) (2003) ("purpose of hearsay rule satisfied where declarant is in court and available for cross-examination").